ZACHARIAH DANIEL, plaintiff in error, vs. SEABORN POWELL, et al., defendants in error.

[1.] A next friend having obtained a decree in chancery securing a remainder interest to the minors for whom he acts, has an equitable lien on the estate, which he has benefitted, for all proper expenditures of money made by him, but not for his personal services.

[2.] The decree for his reimbursement should be so shaped as not to interfere with the preceding life estate, and to operate as a present lien upon the estate in remainder, to be enforced when the remainder falls into possession by the termination of the life estate.

In Equity, in Burke Superior Court. Decision on demurrer, by Judge HOLT, at May Term, 1859.

This was a bill in equity, filed by Zachariah Daniel against Seaborn Powell, James M. Melton, and Amanda, his wife, Homer Wimberly, and Mariah, his wife, John Powell, Mary M. Powell and Amarintha C. Powell, (the three last named defendants minors,) the object of which was to recover from defendants the amount paid out by complainant for counsel fees in and about the prosecution of a suit in their behalf; and also for services rendered by complainant himself, in the management of said suit and the litigation consequent thereon, as next friend of defendants. The fees paid out amounted to five hundred and seventy dollars, and the services per-

Daniel vs. Powell et al.

formed by complainant were alleged to be worth one thousand dollars.

To this bill there was a demurrer, on the following grounds :

1st. That complainant had a full and adequate remedy at law.

2d. That there was no equity in the bill.

3d. That the defendants were misjoined, the claim of complainant against them being several and not joint.

The Court, after argument and consideration, sustained the demurrer, on all the grounds, holding that the foundation of complainant's demand was an implied promise by defendants severally to pay for services rendered, and for money paid for their use, and that an action of *indebitatus assumpsit,* was a complete, and the proper remedy.

To which decision counsel for complainant excepted.

JOHN T. SHEWMAKE, for plaintiff in error.

MILLERS & JACKSON, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

We think there is equity in this bill, and that the demurrer was improperly sustained. We think that the claim of the complainant is not a personal one against these minors, as was assumed by the presiding Judge, but is an equitable lien on the property. The minors made no contract, and were not capable of making any binding contract with him, to reimburse him for his expenditures in serving them as their next friend, by having their property secured to their enjoyment. He was acting for the benefit of their property, under the direction of a Court of Chancery, and the Court will see to it, that he receives proper compensation out of the property itself. The Court will never go beyond the property which he has benefitted, for that might lead to a compen-

Daniel vs. Powell et al.

sation beyond the service rendered. We think, however, that the complainant ought to have had the original decree, securing this property to the minors, so shaped at the time, as to provide for his compensation as next friend. It could have been done then without additional costs, and having failed to do it then, he must pay the costs of having it done now. Nor do we think he ought to be allowed any charges for personal services rendered by himself, for that would open a door for the office of a next friend to be turned into one of personal profit and speculation. But we do think that he ought to be allowed his charges on account of all proper expenditures of money made by him for the benefit of the property. The decree granting the relief to him ought to be so shaped as not to interfere with the existing life estate which precedes the estate of these minors, and ought to operate only as a lien upon their estate in remainder now, to be enforced when the property falls into possession by the termination of the life estate. One of the minors, who was a joint tenant in the remainder when the complainant's services were rendered, was dead when this bill was brought, and his estate is unrepresented. Any decree which may be rendered in the case can not bind his interest in the estate, though it may bind the others. The suggestion is thrown out to counsel for their consideration. We think also, that those of the remaindermen who are still minors, ought to be represented in this litigation by guardians *ad litem*. All of these suggestions point to defects in the form of the bill as it stands at present, but nevertheless, we think it is bottomed on a substantial equity, and ought not to have been dismissed.

Judgment reversed.