ORDWAY & HUSTED v. PHELPS.

1. **Guardian and Ward**: ADJUSTMENT OF ACCOUNTS. The adjustment of the accounts of the guardian of a deceased person must be made with the administrator, subject to the approval of the court.

2. **Practice**: ADMINISTRATOR: ALLOWANCE BY. The court may set aside or modify an allowance of a claim against an estate, approved by the administrator and allowed by the clerk in vacation, without any evidence except what may be shown by the papers.

*Appeal from Black Hawk Circuit Court.*

FRIDAY, DECEMBER 15,

THE facts are stated in the opinion.

*Ordway & Husted,* for appellants.

No appearance for appellee.

SEEVERS, CH. J.— On May 8th, 1876, the defendant was appointed and qualified as administrator of the estate of Merritt Potter, deceased, late of the State of Vermont. May 12th, 1876, the petition and claim of plaintiffs was presented to said administrator for allowance, said claim being for $212.20 for professional services as attorneys in the case of Amos Gates, guardian of Merritt Potter, insane, v. R. Car-

penter, jr., et al., decided in this court at the April Term, 1876.

Attached to said claim was the affidavit of ·Amos Gates, stating "that during the lifetime of Merritt Potter he was the duly appointed and acting guardian of said Merritt Potter, and that as such guardian he employed Ordway & Husted to render services as attorneys of said ·Merritt Potter, and that said Ordway & Husted have duly rendered said services, and that there is now due and unpaid for said services the sum of $212.20." Said claim and petition was approved and admitted in writing indorsed thereon, as follows:

"I hereby admit the within claim and waive notice of hearing.    Dated May 10th, 1876.

"E. S. PHELPS, Administrator.

"Filed May 12th, 1876.

"J. C. GATES, Clerk."

May 12th, 1876, the clerk of the court made the following allowance of said claim:

"Estate of Merritt Potter, deceased.   On this day are filed against said estate the claims as follows, to-wit: The claim of Ordway & Husted for two hundred and twelve dollars and twenty cents on account.    *    *    *    Said claims having been admitted by the administrator, the same are allowed by the clerk, and the administrator is directed to pay the same out of said estate, as provided by law."

June 10th, 1876, in the absence of both parties, the court on its own motion, and without the introduction of any evidence or any showing, made the following order:

"Estate of Merritt Potter, deceased.   On this day it is ordered by the court that the order of the clerk of the court in vacation, on the 12th day of May, 1876, allowing the claims of Ordway & Husted, and of George Ordway, is hereby set aside, and said claims are disallowed, and the claim of J. L. Husted against said estate for the sum of $65 is also disallowed.   The claimants have leave to file them in the guardianship matter of Merritt Potter, insane."

To which order plaintiffs excepted.

The guardian of Merritt Potter made a report and filed the same in court on May 5th, 1876, showing that there was no property belonging to Merritt Potter except the undivided one-half of one hundred and sixty acres of land, and that no personal property came into his hands as such guardian.

As the guardian employed the attorneys, the court below seems to have been under the impression that the claim should have been presented to him, and by him settled and adjusted as a part of his guardianship. In this we think the court erred. Upon the death of Potter the powers and duties of the guardian ceased except to make a report and account for any property which may have come into his hands. The adjustment of the accounts of the guardian of a deceased person must be made with the administrator, subject to the approval of the court. The administrator is the only person authorized to represent the estate of a deceased person. To him claims must be presented, and by him the same may be approved, and thereupon such claims may be allowed by the clerk. Code, § 2408.

1. GUARDIAN and ward: adjustment of accounts.

All claims filed against an estate must be entitled in the name of the claimant against the executor, and if the same are not approved by the executor, they may be proved up as in an action by ordinary proceedings. Code, §.§ 2409, 2411.

The allowance of any claim by the clerk is binding on all parties unless it is set aside or modified by the court at the next term. Code, § 2316. We are not prepared to say that the court may not set aside or modify an allowance made by the clerk without any evidence except what may be shown by the papers, or upon the knowledge or belief of the judge obtained in any way or from any source, and the claimant required to prove to the satisfaction of the court or jury the correctness of such claim. Nor are we prepared to say that the court may not order the administrator to defend a claim which he has approved.

2. PRACTICE: administrator: allowance by.

That the court should possess such power seems essential when we consider that frequently administrators do not possess the requisite legal knowledge to enable them to determine whether the claim should or should not be allowed. Besides this, it

frequently happens that the claimant gets the administrator appointed, and the latter allows the claim under the impression that such is his duty, and without thought or investigation.

So much, therefore, of the order of the Circuit Court as sets aside the allowance of the claims is affirmed, but the plaintiffs must be allowed to prove up their claims against the administrator. The order of the court requiring plaintiffs to file their claim against the guardian must be

REVERSED.