## DAVIS, ADMINISTRATRIX, ET AL. *v.* THE STATE, EX REL. LONG ET AL.

GUARDIAN.—*Complaint on Bond.*—*Uncertainty.*—*Demurrer.*—Mere uncertainty of the breach alleged, in a complaint on a guardian's bond, is reached by motion and not by demurrer.

SAME.—*Answer of Distribution and Payment.*—*Loss of Report and Vouchers*

Davis, Administratrix, *et al. v.* The State, *ex rel.* Long *et al.*

*before Approval* —A settlement and distribution of the funds sued for, alleged to have been made by the guardian, as shown by a report and vouchers, lost before submission thereof to the court for approval, constitute no bar to a complaint on a guardian's bond.

HARMLESS RULING ON DEMURRER —The sustaining of a demurrer to a paragraph of answer is harmless, if the facts alleged therein were admissible in evidence under the remaining paragraph.

From the Montgomery Circuit Court.

*P. S. Kennedy*, *W. T. Brush*, *A. Thomson*, *B. T. Ristine*, *T. H. Ristine* and *H. H. Ristine*, for appellants.

*J. Wright* and *J. M. Seller*, for appellees.

HOWK, C. J.—This was a suit by the appellee's relators, against the appellants, upon a bond given by a guardian, on his petition to obtain an order from the proper court, for the sale of the real estate of his said wards.

In their complaint, the appellee's relators alleged, in substance, that on the 9th day of July, 1859, one Joseph Allen, since deceased, filed his petition in the court of common pleas of Montgomery county, Indiana, to obtain an order of said court authorizing him to sell certain real estate belonging to his wards, the relators of the appellee in this action; that, on said last named day, the said Joseph Allen executed his bond, with the appellant Benjamin F. Ristine and one Jacob Davis, since deceased, of whose estate the appellant Elizabeth Davis was the administratrix, as his sureties therein, payable to the State of Indiana, in the penal sum of two thousand four hundred dollars, and conditioned for the faithful discharge of his trust in and about the sale of said real estate, a copy of which bond was filed with, and made a part of, said complaint; that said Joseph Allen, as such guardian, under the condition of said bond, sold his said ward's real estate to one Benjamin Misner for the sum of one thousand two hundred dollars, which said sale was duly confirmed by said court, at its October term, 1859, and the said sum of one thousand two hun-

dred dollars was duly received by said Joseph Allen, as such guardian, under the order and direction of said court; that, in 1871, the said Joseph Allen died, holding in his hands, as such guardian, at the time of his death, the said sum of one thousand two hundred dollars, belonging to the relators, as the proceeds of said real estate; that, at the time of his death, the said Allen was wholly insolvent, and his estate was in the hands of an assignee in bankruptcy, and there has never been any administrator appointed of said Allen's estate; and that, in 1875, the said Jacob Davis died, and the appellant Elizabeth Davis has been duly appointed administratrix of his estate; that, during his lifetime, the said Joseph Allen wholly failed and refused to account to the proper court, or to appellee's relators, for the proceeds of the sale of said real estate; and that, by reason of his said failure to so account, as required by law, there was then due and owing on said bond the sum of two thousand four hundred dollars. Wherefore, etc.

To this complaint the appellants jointly demurred, for the following causes:

1.   Because it did not state facts sufficient to constitute a cause of action;

2.   That the appellee's relators had not the legal capacity to sue; and,

3.   That there was a defect of parties plaintiffs.

This demurrer was overruled by the court, and to this decision the appellants excepted. They then answered jointly in six paragraphs, to the second, third, fourth and sixth paragraphs of which answers the relators' demurrers, for the alleged insufficiency of the facts therein respectively, were sustained by the court, and to these rulings the appellants excepted. The cause was then put at issue, and was tried by the court, apparently; for, although the record fails to show any submission or trial of the cause by

the court, yet it does show that the court rendered "judgment on the finding," etc., in favor of the appellee's relators and against the appellants, for the sum of one hundred and forty-six dollars and eighty-three cents, and the costs of suit.

In this court, the appellants have assigned, as errors, the following decisions of the court below:

1.  In overruling their demurrer to the relators' complaint;

2.  In sustaining the relators' demurrers to the second, third, fourth and sixth paragraphs of the appellants' joint answer; and,

3.  In rendering a personal judgment against the appellant Elizabeth Davis, administratrix of the estate of Jacob Davis, deceased.

1.  In their brief of this cause, in this court, the appellants' counsel insist that the complaint of the appellee's relators was bad on the demurrer thereto for the want of sufficient facts, in this, that the alleged breach of the bond in suit was not assigned with sufficient certainty, clearness and precision.  If the complaint was defective in this regard, and it probably was, as it seems to us, the objection to the complaint, in this particular, is one that could not be reached by the appellants' demurrer for the want of facts, but only by a motion to make the complaint more certain and specific.  The breach of the condition of the bond in suit is assigned, in the complaint, as follows: " That said Joseph Allen, during his lifetime, wholly failed and refused to account to this court, or to plaintiffs, for the proceeds of the sale of said real estate of plaintiffs." Elsewhere in the complaint, it was alleged that said Joseph Allen had died in 1871.  Up to the time of Allen's death, the court of common pleas of Montgomery county had, by law, exclusive jurisdiction of the matter of his guardianship of the relators; and it is claimed, that the allegation

in the complaint, to the effect that Allen had failed and refused to account to the Montgomery Circuit Court during his lifetime, when during that time the circuit court had by law no jurisdiction of such guardianship, was not a sufficient allegation to show, by way of a breach of said bond, that Allen had failed and refused, during his lifetime, to account to said court of common pleas, the only court then having jurisdiction of his guardianship, for the proceeds of the sale of real estate. The language used by the pleader, in assigning the breach of the bond in the relators' complaint, is uncertain and inaccurate ; but, since by section 81 of the act of March 6th, 1873, *inter alia*, abolishing the offices of common pleas judge and district attorney, the records and papers on file in the several courts of common pleas were transferred to and became a part of the records and papers of the circuit courts of the proper counties, it seems to us that the mere uncertainty and inaccuracy of the expression used would hardly deceive either the court or the adverse parties, in regard to the fact which the pleader intended to allege thereby. 1 R. S. 1876, p. 390.

Besides, it was also alleged in the relators' complaint, that, at the time of Allen's death, "he held in his hands, as such guardian, the said sum of twelve hundred dollars, belonging to plaintiffs, as the proceeds arising from the sale of their said real estate." This allegation was sufficient to show, with reasonable certainty, as a breach of the bond in suit, that the said Joseph Allen, as such guardian, had never accounted to any court, or to the relators, for any part of the proceeds of the sale of said real estate. We think that the relators' complaint stated sufficient facts to constitute a cause of action. The other grounds of demurrer to the complaint are not discussed in the brief of appellants' counsel in this court, and, therefore, we regard them as waived.

2.   Under the second alleged error, it is claimed by appellants' counsel, in argument, that the court erred in sustaining the relators' demurrer to the sixth paragraph of the answer.   In this paragraph the appellants, " for a partial answer," alleged, in substance, that the said Joseph Allen, late guardian of the relators, in his lifetime, at the October term, 1869, of the common pleas court of said county, made a final settlement of the sums in his hands belonging to his said wards, and distributed said sum to the several persons entitled to the same; that said papers, prepared for said settlement, had been lost from the files, and a part of the accompanying vouchers had also been lost or mislaid, or removed; that said papers were taken from the files of said clerk's office to prepare a certain claim against the estate of said Joseph Allen, in bankruptcy, and that part of the vouchers belonging to said estate and to said papers had been lost; that the appellants, by their attorneys, had made diligent search for the same in the places where they belonged, and where they would most likely be found, but were unable to find them; but that said fund, belonging to said wards, was fully paid and settled, and receipts taken therefor.

It seems to us that the court committed no error in sustaining the relators' demurrer to this paragraph of answer. It will be observed, that it was not alleged therein that the alleged final settlement, which had been prepared and filed, had ever been approved, allowed or confirmed by the order and judgment of the proper common pleas court. Until such alleged final settlement had been thus approved and confirmed, it did not become a part of the files of the court, in any proper or legal sense, and, if it had been found by the appellants, it would not have been competent evidence on their behalf, on the trial of this cause.   Even if such alleged settlement had been verified by the oath of Allen, which fact, if it existed, was not alleged in said

paragraph, unless and until it had been approved and confirmed by the proper court, it would not have been competent evidence for the appellants, on the trial; for, without such judicial sanction, it would have been merely the *ex parte* statement of Allen. *Beedle* v. *The State, ex rel.*, 62 Ind. 26.

Besides, it is well settled by the decisions of this court, that a judgment will not be reversed for an alleged error of the court in sustaining a demurrer to a paragraph of answer, when it appears, as it does in this case, that every material fact alleged in such paragraph could have been given in evidence under another paragraph of the answer, on which issue had been joined. In so far as this sixth paragraph set up and relied upon payment to, and settlement with, the relators, of the money arising from the sale by their guardian of their real estate, the facts in regard to such alleged payment or settlement could have been given in evidence under the issue joined in the cause, by and on the other paragraphs of the answer.

The other decisions of the court below, assigned by the appellants as errors, are not discussed by their counsel in this court, and we therefore regard them as waived, and do not consider them.

The judgment is affirmed, at the appellants' costs.