Curran v. Abbott et al.

Filed June 7, 1895.

⸺⸺⸺◆⸺⸺⸺

No. 17,287.

CURRAN v. ABBOTT ET AL.

GUARDIAN.—*Ex parte Order Procured by Clerk Against Guardian Without Notice.—Void.*—An *ex parte* order of the court, procured by the clerk (forbidding a guardian from issuing an execution on a judgment procured by him as guardian), without notice or service of process on the guardian, is void as to him.

SAME.—*Entitled to be Reimbursed for Expenses Duly Incurred.—Lien on Trust Estate.*—A trustee (in this case a guardian) has an equitable right to be reimbursed for all reasonable expenses properly incurred in the execution of his trust, and such expenses are a lien upon the trust estate, and he will not be compelled to part with the property until such expenses are paid.

SAME.—*Reimbursement for Suit Expenses.—Equitable Lien.—Notice.*—A guardian is entitled to reimbursement for expenses incurred and paid by him in the prosecution of an action in behalf of his trust estate, and he has an equitable lien on the judgment recovered for his reimbursement, and of such lien all persons dealing with reference to the judgment must take notice.

SAME.—*Enforcement of Lien.—When Question of Fraud not Material.*—In an action to enforce such equitable lien against the ward and others to whom she has assigned her interest after becoming of age, the question of fraud in the dealing between such parties and the ward is not material.

SAME.—*Reimbursement.—Personal Liability or Liability in Trust Capacity.*—The guardian's right to be reimbursed and to enforce an equitable lien therefor is the same whether he is personally liable for the suit expenses paid by him or only liable in his fiduciary capacity.

SAME.—*Reimbursement.—Sufficient Other Funds.*—If the guardian has other funds in his hands, besides such judgment, sufficient to reimburse him, he can be compelled to first exhaust such funds.

Curran *v.* Abbott *et al.*

SAME-—*Reimbursement Lien.*—*Accounting.*—Before the guardian can enforce his lien for reimbursement, it is not necessary that he should first have an accounting in the court.

From the Jefferson Circuit Court.

*C. A. Korbly* and *W. O. Ford,* for appellant.

*C. E. Walker, A. D. Vanosdol* and *H. Francisco,* for appellees.

MONKS, J.—Appellant brought this action against appellees. The complaint is in substance as follows:

That in 1891 Carrie Curran, appellant's daughter, was a minor and unmarried; that appellees were the owners and proprietors of a newspaper in Madison, Indiana, and published in said newspaper a libel of and concerning said Carrie Curran, for which she brought an action against the appellees in the Jefferson Circuit Court, and asked to be allowed to prosecute the action as a poor person, which leave was refused by the court; that appellant and his daughter resided in Ripley county, Indiana, and he was thereupon appointed guardian of his daughter by the Ripley Circuit Court, and on motion was allowed, by the Jefferson Circuit Court, to be substituted in her said action as plaintiff, and as such filed an amended complaint, on which there was issue joined, a trial had and judgment rendered, on June 22, 1891, in favor of appellant, guardian of Carrie Curran, for $1,500 and costs against appellees; that she arrived at the age of twenty-one years on the 11th day of March, 1892, and afterwards, in 1892, married one Clel Cain, an adult, who was then a resident of the State of Kentucky, where he and the said Carrie removed and have ever since resided; that appellant prosecuted said action for libel in his own name, as such guardian, to final judgment as aforesaid, and employed Nicholas Cornet, an attorney at law, to prosecute the same, and paid him a retainer fee of ten

dollars, and agreed to pay him a further amount equal to fifty per cent. of the judgment that might be recovered by him in said suit, out of the sum so recovered, out of which sum said Cornet agreed to pay all the attorneys'fees for such associate counsel as he might select to assist him in said suit; that appellant became liable to pay said Cornet for his services and the services of his associate counsel, out of the proceeds of said judgment, the sum of $750, with six per cent. interest from the rendition of said judgment; that said amount was a reasonable compensation for the services which he and his associate counsel rendered; that said services were necessary to the prosecution of said suit, and all of the other expenses incurred by appellant were reasonably necessary in the prosecution of said suit and in the proper discharge of his duties as such guardian, and such charges are reasonable; that besides the ten dollars paid said Cornet, appellant has paid out and expended, of his own money, in the prosecution of said suit, twenty-five dollars; that he spent eight days away from home to attend to matters in connection with said action, and four days in taking out letters of guardianship and attending to matters connected therewith, and his time was reasonably worth two dollars per day; that he incurred costs in the Ripley Circuit Court amounting to two dollars and fifteen cents, and a further sum of one dollar clerk's fees and five dollars will be required to pay an attorney to make a final account, making eight dollars and fifteen cents that will be required to close up and settle said trust.

Said ward, after she became of age, did not have an accounting with appellant, neither did her husband, either alone or with his wife, have such accounting, and they have at all times since their intermarriage been out of the jurisdiction of the State of Indiana. Said appellees, while said cause was pending in this court on

appeal, well knowing that appellant, as guardian, had no assets or means whatever in his hands with which to pay his attorneys' fees, costs and expenses aforesaid, and desiring to cheat and defraud him and them out of said fees and costs, sent one Chapman, one of appellees, to Kentucky to see said Carrie and her husband for the purpose of inducing them to assist in accomplishing their desires, and said appellee, for the purpose of working on the fears of said Carrie and her husband, represented that said cause would be reversed, because it was recovered by this appellant and not in the name of said Carrie, by her next friend. Said appellee knew that, by the law of the State of Kentucky, whatever money he paid said Carrie would at once vest in her husband, and intending to cheat and defraud appellant, and without his knowledge or consent, or the knowledge or consent of his attorney, offered to pay said Carrie $550 if she and her husband would enter full satisfaction of record of said judgment recovered by appellant as aforesaid, and said Carrie and her husband, well knowing the object and intent of appellees to cheat and defraud appellant, and his attorneys accepted said offer, and thereupon appellees, by said Chapman, paid her $550, and she and her husband on December 8, 1892, executed and delivered to said appellees a satisfaction piece and release of said judgment and all claims and causes of action to date thereof. Said appellees caused said satisfaction piece and release to be attached to the margin of the order book on the page on which said judgment was entered. Appellees afterwards procured the clerk of the court to procure an *ex parte* order from the court forbidding the clerk to issue an execution on said judgment against said appellees in favor of appellant, and the same was procured and entered of record, without any notice or service of process on appellant, and the same is *coram*

*non judice* and void.   Appellant has no means or prop-
erty belonging to said Carrie, his late ward, out of which
he can pay said fees, costs and expenses; that at the
time of his appointment as such guardian his said ward
had no estate or property except the said claim against
appellees; that no assets or property of said ward have
ever come into his hands as such guardian, and said
ward has no estate or property whatever in this State or
elsewhere except as stated; that he is entitled to have
said fees, costs and expenses paid out of said judgment,
which was recovered by him in his own name as guardian;
that appellant has been unable to have any accounting
with his late ward or said husband by reason of their be-
ing out of the jurisdiction of the Ripley Circuit Court;
that he has filed in the Ripley Circuit Court his duly
verified account of final settlement with his said ward,
in which he has set forth substantially the foregoing
facts and demanded that he be allowed all said expendi-
tures and liabilities out of said judgment; that said fees,
liabilities and payments are due and unpaid.   Prayer
that said pretended release and satisfaction be set aside
and declared void as against the appellant and he be ad-
judged to have a personal interest in said judgment
against appellees to the full amount of said outlay, at-
torneys' fees, court costs and guardian's services, and
that appellant have execution on said judgment for said
sum due him, to wit, $925.15, and the court cost re-
covered in said action and for all other relief.

A demurrer for want of facts was sustained to the com-
plaint, and appellant refusing to plead further, judg-
ment was rendered against him.   The only error urged
is the action of the court in sustaining the demurrer to
the complaint.

It is contended that the allegation in the complaint
concerning the clerk's procuring an order of the court

forbidding him to issue an execution on the judgment, shows former adjudication of the right to set aside said satisfaction and have execution on said judgment. An *ex parte* order of the court, procured by the clerk, forbidding him from issuing an execution on the judgment, without notice or service of process on appellant, was void as to him. The allegations in the complaint do not show former adjudication, but exclude the idea that appellant or his attorneys appeared to the proceeding. Had they appeared, the order would not have been *ex parte.* Bigelow Estoppel, 27; *Kramer* v. *Matthews*, 68 Ind. 172.

Appellees earnestly insist that a guardian has no lien on the ward's estate, to reimburse him for reasonable costs and expenses paid or incurred in managing the ward's estate. That when she became of age appellees had the right to settle said cause with her, and that, having done so while the same was pending in this court on appeal, and, she having executed a release of said judgment, appellant must look to her for reimbursement for his expenses, costs and attorneys' fees which he has paid or is liable for.

It is well settled law that a trustee has an equitable right to be reimbursed for all reasonable expenses properly incurred in the execution of his trust, and that the expenses of a trustee in the execution of his trust are a lien upon the estate, and he will not be compelled to part with the property until the disbursements are paid. 2 Perry Trusts, sections 485, 907, 910; 2 Pom. Eq. Juris., section 1085; 2 Jones Liens, sections 1175, 1177; Overton Liens, sections 587, 589.

A guardian, in a general sense, is a trustee. 1 Perry Trusts, section 1; 1 Pomeroy Eq. Juris., section 157; 2 Pomeroy Eq. Juris., sections 1088, 1097; Field Infants, section 132; Overton Liens, section 584.

Appellant, in the prosecution of the original action, paid expenses and costs and incurred liability for attorneys' fees, and is clearly entitled to reimbursement for the same, so far as they are reasonable and proper, out of the judgment recovered. Field Infants, section 153; 2 Jones Liens, section 1176.

He has an equitable lien on the same for his reimbursement, of which appellees and Carrie Curran were required to take notice. This is not an action to enforce the lien of an attorney for fees, but to reimburse a guardian for his expenses and liabilities incurred in the prosecution of the case, out of the judgment recovered; in other words, out of the fund. Even a next friend may enforce an equitable lien under like circumstances. 2 Jones Liens, section 1176; *Daniel* v. *Powell*, 29 Ga. 730.

It is not material whether appellant or his ward held the legal title to the judgment; appellees were bound to know that appellant held a lien on the fund recovered, which he could enforce for his protection. When they settled with the ward it was subject to the right of appellant to be reimbursed out of the judgment. Nor do we think the allegations in regard to fraud important. Appellant's right to reimbursement results from the plainest principles of equity. As guardian he recovered the judgment incurred and paid costs and other expenses, and there being no other estate out of which he can be paid, he may resort to the judgment, even though appellees did not intend, by their settlement with his daughter, to cheat and defraud him. Appellant's right to be reimbursed and to enforce an equitable lien is the same whether he is personally liable for attorney's fees or is only liable in his fiduciary capacity.

It is true that if he had other funds of his ward in his hands sufficient to reimburse him, appellees could com-

pel him to first exhaust such funds. 1 Story's Eq. Juris., section 633, and notes.

The reasoning in *Yelton, Admr.,* v. *Evansville, etc., R. R. Co.,* 134 Ind. 414, clearly sustains the proposition that the judgment recovered in this case is chargeable with the expense of collection, including costs of guardianship and attorneys' fees.

Appellees contend "that appellant can not maintain an action against his ward, after she becomes of age, until his guardianship accounts have been fully settled in the court appointing him, and the balance found due to and awarded him by said court. *McLane* v. *Curran,* **133** Mass. 531, 43 Am. Rep. 535. For the appellant to maintain this action at all there must first be a debt due him from the ward; and, secondly, the debt must be a lien on the alleged judgment, not only as against the ward but also as against appellees."

In a number of States, including Massachusetts, when the ward becomes of age no action can be maintained by either, against the other, until an accounting is had and the balance, either way, determined and ordered paid over by the court in which the appointment of guardian was made. If there is a balance due the ward he may then sue the guardian on his bond, or if the balance is due the guardian he may maintain an action therefor against his former ward. Tyler Infancy, 268–269.

But such is not the law in this State. It is provided by statute that when the ward arrives at the age of twenty-one years the guardian shall fully account, and pay over, to the proper person all the estate of the ward remaining in his hands. Section 2521, R. S. 1881 (section 2685, R. S. 1894).

It has been uniformly held by this court that when the ward becomes of age he has the right to sue upon the

bond of the guardian, without any accounting and without demand. *Davis, Admx.*, v. *State, ex rel.*, 68 Ind. 104; *Stumph* v. *Guardianship of Pfeiffer*, 58 Ind. 472; *Stroup, Admr.*, v. *State, ex rel.*, 70 Ind. 495; *Jones, Admr.*, v. *Jones*, 91 Ind. 378.

In such action on the bond, an accounting may be had and judgment rendered on the bond for the amount found due, if anything.

Under these authorities it is clear that appellant was not required to first have an accounting in the Ripley Circuit Court before he could maintain this action. It follows, therefore that the court erred in sustaining the demurrer to the complaint.

Judgment reversed, with instructions to overrule the demurrer to the complaint.

Filed June 12, 1895.