No. 12,721.

SUCCESSION OF JOHN A. GRAVES, DECEASED; ON APPLICATION OF CHARLES G. GRAVES TO BE APPOINTED ADMINISTRATOR; OPPOSITION OF MRS. C. E. GRAVES.

The succession owed no debt. The appointment of an administrator would only be productive of delay and expense in the settlement of the succession and would not effect more than can be done by the heirs in matter of the partition. The judgment of the District Court, rejecting the application of one to be appointed administrator, is affirmed.

The administrator is not a necessary party to the final liquidation.

APPEAL from the Ninth Judicial District Court for the Parish of De Soto. *Hall, J.*

---

*Elam & Egan* for Applicant, Appellant.

---

*William Goss* for Defendants, Appellees.

---

Argued and submitted May 17, 1898.
Opinion handed down May 30, 1898.

---

The opinion of the court was delivered by

BREAUX, J.   John A. Graves died in the parish of De Soto. He left a widow and two minor children, issue of his last marriage.

He left children of prior marriages. He owned property of which an inventory and appraisement were made a few days after his death. His son, Charles E. Graves, applied to be appointed administrator of his succession.

His widow, Mrs. C. E. Graves, alleging that there were no debts

to pay and no necessity to incur the expense of an administration, opposed the appointment of an administrator.

In argument Charles E. Graves affirmed that the succession was not sufficiently in debt to warrant the appointment of an administrator, but contended that none the less an administrator should be appointed for the reason that property was withheld from the succession which might be recovered by an administrator.

On the hearing of the application a number of witnesses were examined.

The District Judge was of the opinion that there were no debts or credits rendering it proper to appoint an administrator; that the heirs could sue each other for a partition now as well as after the delay and expense of an administration. He rejected the application of C. E. Graves to be appointed administrator.

From the judgment he appealed.

We have seen that there are no debts. The succession in consequence falls within the grasp of the general rule: 'where there are no debts and those in interest oppose the appointment no administrator should be appointed. It may well be, exceptionally, that a case might arise requiring the appointment of an administrator.

Here, no good reason suggests itself to justify such an appointment. The evidence does not make it appear that the succession had with any degree of certainty any credit against third persons which rendered the appointment of an administrator necessary for its recovery in the name of the succession. Why the expense of an administration if the succession is not to be benefited by it ? There would be a delay in the settlement of the succession; all to serve no useful purpose in so far as the record shows.

The rights of the parties *inter se* can be settled in a partition. The heirs and the widow of the later John A. Graves are present and can properly make such a partition as will give to each of the interested parties that to which he is entitled.

The administrator would not make the partition and really has no authority to assist the heirs in making the partition in any matter.

The heir is completely authorized without the assistance of an administrator. If there were debts the appointment should be made. Succession of Clark, 30 An. 807.

But the evidence discloses that there are no debts due by third persons. The indebtedness of the heirs is a matter which will come up in the partition proceedings.

In Brashear vs. Cornor, 29 An. 349, this court said: "The heirs may stop administration and provoke a partition among the coheirs at any time, if there are no debts." *A fortiori* the heirs or other interested persons may oppose successfully the appointment of an administrator when there are no debts by the succession and the succession is in a condition that a partition may be made and the rights of all parties in interest fixed.

Even when there are debts the heirs may bring the administration to a close by giving security for their payment. It follows, there being no debts, that an opposition to the appointment of an administrator is without ground to stand on save in very exceptional cases. We have not found that the case before us should be considered at all exceptional, as it presents only the necessity of a partition.

Ordinarily, there is no necessity to appoint an administrator to administer a succession not burdened with debt. Succession of Melasie Hebert, 33 An. 1099.

In Succession of Walker, 32 An. 321, the heir was a minor, and yet the court held, as there was no debts to pay, and no legacies to discharge under the will, the appointment of an administrator would serve no useful purpose.

The decision in matter of the Succession of Story, 3 An. 502, was a well considered decision by Judge Eustis.

The court, in that case, said: with reference to subjecting the succession to the charge of administration, the appointment of an administrator rested with the discretion of the judge on the facts before him. "The right of the heirs to the immediate partition can not be questioned; it was," continued the court, "insisted on by the appellant, and this administration, if carried out, could be little else than an impediment to the proceedings in partition."

There may be cases, said the court, in which an administration would be advantageous even in case there are no debts, but there was no advantage discovered in this respect in the case from which we quote, as there would be none in our judgment in the case now before us for determination. It would only, as in the cited case, occasion delay and useless expense.

Whether as against third persons alleged debtors to the succession, the applicant to be appointed administrator, has or has not indicated clearly enough that they are debtors as alleged, is of no great importance here.

He and his coheirs, who may choose to sue third persons for claims they think are due will not be prejudiced by this refusal to grant this application.

It is ordered, adjudged and decreed that the judgment appealed from is affirmed.