On the Merits.
(Nov. 16, 1903.)
NIGHOLLS, C. J.
The appellant, Fred W. Gras, and the appellee, Mrs. Chevallon, are brother and sister of the half blood; Gras being a son of the deceased by a first, and Mrs. Chevallon, a daughter, by a second, marriage. Gras, it will be remembered, applied to.be appointed administrator of his mother’s succession, but, his sister’s opposition to the same having been sustained, he obtained an appeal, which by its terms was suspensive in character. The motion to dismiss upon which we acted was based upon the proposition that there could be no “suspensive” appeal from a judgment refusing to appoint an administrator. Accepting that proposition as true, we declined none the less to grant the motion as made, and maintained the appeal as devolutive.
Since our judgment to that effect Mrs. Chevallon filed a petition in this court, in which she alleged that since the lodging of the appeal in this court the property belonging to the succession, or in which she had an interest, had been sold by order of court in the proceedings for a partition entitled “Mrs. Josephine Chevallon vs. Fred W. Gras et als.,” and the proceeds of sale were then awaiting distribution, and to this petition she annexed a certified copy of the decree rendered in said particular proceedings; that the appointment of an administrator as sought by Fred W. Gras, appellant, would serve no good purpose, because there would be nothing to administer, and nothing over which the court appointing the administrator could exe?:cise jurisdiction, and the appeal should be dismissed.
In the brief opposing this dismissal of the appeal lately asked for counsel of the appellant says:
“Your honors will recall that by decree heretofore rendered in this case you held that the appeal was but devolutive, not suspensive. Previous to that decision of your honors the partition suit referred to in the motion -to dismiss recently had been brought in the civil district court (between all the heirs of Mrs. Bustillo), and all the defendants excepted on the ground that an application for an administration was pending.
“The district court thereupon declined to proceed further, and continued same indefinitely, and only took it up after your honors had held that this appeal was not suspensive. It is true that the property sought to be partitioned in this suit has been sold, but the proceeds are yet in the hands of the notary for distribution, and the record of the civil district court shows that there are debts exceeding one thousand dollars in amount against the succession of Mrs. Bustillo. Therefore should your honors reverse the judgment appealed from, and appoint an administrator, he would administer on the share of the partitioned property which belonged to the deceased, pay her debts and those of her estate, and distribute the balance among those entitled thereto; so that not only is there property of which the administrator could take charge, but there is an absolute necessity for an administration. Moreover, if your honors find that an administrator should have been appointed by the district court, but the conditions now are that the appointment is unnecessary, you will certainly charge the costs of this application to the estate of the deceased; and for that reason, if for no other, the appeal should be maintained.
“We therefore ask that the judgment appealed from be reversed, and that F. W. Gras be appointed administrator of the succession of Mrs. Caroline Bustillo, and that, in any event, the costs be borne by that estate.”
We have examined the record- of this case, and considered the issues raised by the appeal independently of anything that has occurred since in the district court, and, reviewing matters from that standpoint, we think the ‘judgment appealed from is correct, and that it should be affirmed.
*47 The matters brought to our attention which have taken place in the succession since the appeal merely confirm us in the correctness of that conclusion. Those matters (giving them effect) should carry with them as a result an affirmance of the judgment rather than the dismissal of the appeal. The situation of affairs in the matter of the succession of Mrs. Bustillo did not call, in our opinion, for the appointment of an administrator at the time when appellant made application for such appointment, and certainly not now, when all the property has been sold at partition sale, and the proceeds are in the hands of a bonded officer awaiting final action and distribution. See Alleman v. Bergeron, 16 La. Ann. 192; Succession of Graves, 50 La. Ann. 435, 23 South. 738.
The judgment appealed from is affirmed, at appellant’s costs.