In the Matter of the Guardianship of Andrew Lindsay, James F. Mase, Guardian, et al., Appellants, v. Herbert S. Martin, Administrator of the Estate of Andrew Lindsay, Deceased.

Guardian and ward: ACCOUNTING TO ADMINISTRATOR: SETTLEMENT OF CLAIMS. Generally the right of claimants to the property of a deceased person are to be determined through an administration upon his estate, and the agreement of heirs or other persons having an interest in or claims against the estate, made prior to decedent's death, can not be adjudicated in a guardianship proceeding and are not binding upon an administrator subsequently appointed.

*Appeal from Plymouth District Court.*— Hon. Wm. Hutchinson, Judge.

Thursday, October 25, 1906.

The administrator of the estate of Andrew Lindsay, deceased, filed his application in the district court to have James F. Mase, the guardian of said Andrew Lindsay, who had been adjudged of unsound mind some time prior to his decease, make and file a full and complete report of his doings as such guardian, and a statement and account of all money or property of his ward coming into his hands as such guardian. The guardian, in response to a citation, made a statement of account, showing moneys of his ward and expenses of the guardianship paid by him, and a balance of $4,390.13 on hand, and in connection with such statement pleaded as a reason why he should not be required to pay this money over to the administrator that the only heirs of the deceased were two brothers and two sisters, one of the latter being the wife of said guardian; that said guardian and his wife had cared for the ward during his lifetime, giving him the constant attention and oversight which his malady re-

quired, under an oral agreement between him and his wife
and the other heirs of the ward by which he and his wife
were to care for and support the ward during his natural
life, furnishing board, care, medical treatment, clothing,
washing, and all the necessaries suitable to his state and
condition in life, in consideration of the promise on the
part of the other heirs that the guardian and his wife should
have and be entitled to all the property and estate of which
the ward might die seised, or to which he or his estate might
be entitled; and that said other heirs would not claim nor
have any interest or right in or to any of such estate of the
ward at his death, and that such estate upon the death of
the ward should become the property of said guardian and his
wife absolutely.   The guardian further alleged that there
were no debts of the deceased, and no demands against
his estate, and that under the oral agreement said guard-
ian and his wife were the only persons interested in or
having any claims, rights, or demands in or against said es-
tate, which had vested in said guardian and his wife under
and according to the terms and conditions of the oral agree-
ment.   In this pleading the wife of the guardian joined in
asking the relief prayed for; and subsequently an amend-
ment thereto was filed in which James F. Mase as an in-
dividual and his wife asked that the other heirs mentioned
be brought into court and made parties defendant.   The
allegations relating to the oral agreement under which the
guardian claimed that he and his wife had become vested
with the entire estate of the ward on his death were stricken
out on motion of the administrator, and a judgment was
entered requiring the guardian to pay over to the adminis-
trator the money of his deceased ward remaining in his hands
as shown by his report, and the guardian, as guardian and as
an individual, his wife joining with him, appeals from this
order.   *Affirmed.*

*E. T. Bedell* and *Zink & Roseberry,* for Appellants.

*Ira T. Martin,* for Appellee.

McCLAIN, C. J.— The contention of the guardian as guardian and as individual, his wife joining with him, as against the administrator of his deceased ward's estate, is that by oral agreement entered into between him and his wife and the other heirs of the ward at the time the guardianship was undertaken by him he and his wife have become entitled to the entire fund in his hands as guardian, and that there is no occasion to pay it over to the administrator.   But it is a sufficient answer to this claim that there has been no adjudication with reference to this oral agreement, and that no such adjudication can be had in the guardianship proceeding in which it is attempted to interpose such oral agreement.   The court cannot in the guardianship proceeding settle the estate of the deceased ward, nor determine who is entitled to the proceeds of the estate.   The heirs of the deceased ward are not parties to the guardianship proceeding, nor do we think it competent for the court to make them parties, in order to compel them to litigate in such proceeding the question as to whether any agreement was made between them and the guardian by which on the ward's death the guardian and his wife were to be entitled to the estate of the ward.   That matter may, perhaps be determined in the proceedings for administration of the deceased ward's estate, but certainly not in the proceeding to settle up the guardianship.

No question is made as to the regularity of the appointment of the administrator, but the contention is that, as result of the administration, it will be the duty of the administrator to pay over to the guardian as individual and to his wife all the proceeds of the estate, and that there are no claims against the estate which will be payable out of such proceeds.   But, in the first place, it has not yet been determined, so far as appears by this record, whether or not there are any claims against the estate, and that question

cannot be adjudicated in the guardianship proceeding. Nor, as already indicated, has there been any adjudication that the heirs other than the guardian's wife have transferred their prospective interests in the estate of the deceased ward to said guardian and his wife. Authorities are cited to the effect that the heirs may by mutual agreement settle the estate of a deceased person, and render administration unnecessary; and as applicable to proceedings to administer the estate of a deceased person this contention is no doubt well founded. *Douglas v. Albrecht* 130 Iowa, 132; *Granger v. Harriman,* 89 Minn. 303 (94 N. W. 869); *Foote v. Foote,* 61 Mich. 181 (28 N. W. 90); *Waterhouse v. Churchill,* 30 Colo. Supp. 415 (70 Pac. 678); *Gwinn v. Melvin,* 9 Idaho, 202 (72 Pac. 961); *Succession of Graves,* 50 La. Ann. 435 (23 South. 738). Thus in *Christe v. Chicago, R. I. & P. R. Co.,* 104 Iowa, 707, it was held that after settlement by the parents of an intestate, who would be entitled to the entire proceeds of his estate, with the railroad company against which there was a claim for damages on account of injuries received by intestate, causing his death, there was no occasion for the appointment of an administrator, and an action could not be maintained by such administrator against the railroad company. And it has been held that, in the absence of administration, the persons who would have been entitled to the proceeds of the estate, if such administration had been granted, have such interest in the property of deceased that they may make disposition thereof which will be effectual at least as an equitable assignment, and may perhaps maintain an action to recover debts due to the deceased. *Phinny v. Warren,* 52 Iowa, 332; *Wood v. Weimar,* 104 U. S. 786 (26 L. Ed. 779); *People v. Abbott,* 105 Ill. 588; *Angier v. Jones,* 28 Tex. Civ. App. 402 (67 S. W. 449). But in general the rights of claimants to the property of a deceased person are to be determined through an administration upon his estate, and the heirs or other persons having interest in or claims against the estate cannot by

their agreements bind the administrator subsequently appointed. *Ritchie v. Barnes,* 114 Iowa, 67; *Stahl v. Brown, Adm'r.,* 72 Iowa, 720; *Seery, Adm'r. v. Murray,* 107 Iowa, 384. It is to be borne in mind that the alleged agreement was made before the death of the ward, and therefore at a time when the rights of the persons making the agreement had not become vested, and cases relating to agreements between heirs or next of kin can have no application. And especially are these cases without application to a proceeding to wind up a guardianship in which the only question to be determined is the liability of the guardian to the estate of the deceased ward.

The general contention for appellants that the guardian should not be compelled to pay over to the administrator money which it will be necessary subsequently in the administration of the estate for the administrator to pay back to the guardian as an individual is not sound in any view. It cannot be determined in the guardianship proceeding that it will be necessary in an administration of the estate to return the money found in the hands of the guardian as guardian to him as an individual claimant against the estate. It would be wholly irregular and impracticable to convert the proceeding for the winding up of the guardianship into a proceeding for the administration and distribution of the estate of the deceased ward.

The action of the trial court was right, and it is *affirmed.*