In re Estate of Thos. Walker, of unsound mind. C. McKeen Duran, Administrator, v. J. M. Rinehart, Guardian, Appellant.

**Guardianship:** EXPENSES OF GUARDIAN: ALLOWANCE OF SAME. The court appointing a guardian should allow such officer all expenses reasonably incurred in the execution of his trust, including the expenses of a temporary guardian in defending his position as against an application for the appointment of another as permanent guardian; and these expenses should be allowed in the guardianship proceeding, and he should not be required, as in this case, to present his claim for such expenses to the administrator of the ward who died pending the temporary guardianship proceeding.

*Appeal from Hardin District Court.*—Hon. Robert M. Wright, Judge.

Tuesday, November 15, 1910.

One Rinehart, temporary guardian of Thos. Walker, who was found to be of unsound mind, filed his final report, and, the ward having died, a special administrator of his estate filed objections to the report of the temporary guardian. The objections were to specific claims filed with the guardian, and upon hearing the objections were sustained and the claims disallowed. The guardian appeals. *Reversed.*

*C. M. Nagle, Lundy & Wood* and *F. M. Williams*, for. appellant.

*E. P. Andrews, David Evans, H. C. Liggett* and *Ward & Williams,* for appellee.

Deemer, C. J.—On March 26, 1906, J. M. Rinehart was appointed temporary guardian of the estate of Thomas Walker, after two trials before a jury upon the issue of Walker's capacity to manage his estate. Before final judgment was rendered in the guardianship proceedings and on the 14th day of October, 1908, Walker died. It was found that he left a will, and C. McKeen Duran was appointed special administrator of his estate. Upon order of the court the temporary guardian made a report which was filed December 31, 1908. Notice of hearing was given, and the special administrator appeared and filed objections to the guardian's report. The temporary guardian in his report stated that he held certain assets of the estate of his ward pending the allowance of certain claims filed against him and the estate, and the special administrator objected to these claims and the allowance thereof for the reason that they were not chargeable against the guardian or the estate in his hands, but were claims against the estate of Walker, deceased, and should be allowed, if at all, by the probate court or the administrator or executor appointed to administer the estate of the deceased. These claims were for attorney's fees and costs incurred in the litigation growing out of the appointment of the temporary guardian. That the case may be better understood and the views of the trial court on the issues joined brought out, we here copy the following from an opinion filed by the judge.

First. The court finds that the sole powers of a temporary guardian (in the absence of an order of court) are to collect and preserve the property of his ward till the appointment of a permanent guardian, or till the time of his discharge, if no permanent guardian is appointed, or till the appointment of an administrator of the estate of his ward.

Second. The court further finds that. without any order of the court, and without any right or authority so to do, the temporary guardian, J. M. Rinehart, proceeded to employ certain attorneys, or is now seeking to obtain payment, out of the property of his ward, Thomas Walker, and after the death of said Thomas Walker (no permanent guardian ever having been appointed), to said certain attorneys, namely, F. M. Williams and Albrook & Lundy, for their appearance and services in a certain case brought by one John Walker against said Thomas Walker, wherein the said John Walker sought to have a permanent guardian appointed of the property of the said Thomas Walker. And the court also finds that said temporary guardian, J. M. Rinehart, is now seeking to have this court order to be paid out of the estate of said Thomas Walker the costs and expenses of said litigation, including, as aforesaid, the attorney's fees of said F. M. Williams and Albrook & Lundy.

Third. The court refuses to allow the costs of said litigation, as claimed by the said temporary guardian, J. M. Rinehart, and refuses to allow the attorney's fees of the said F. M. Williams and the said Albrook & Lundy, said acts of said temporary guardian having been illegal; and the court refuses to attempt to ratify or approve said illegal acts of said guardian at the expense of the ward's estate after the death of the said ward.

Fourth. The court further finds that in a proceeding of this kind and character, the court, after the death of the said ward, has no power, right, jurisdiction, or authority to take the ward's estate out of the hands of his administrator and in this guardianship matter expend it for the payment of said costs and attorney's fees that were incurred without the order of this court; but in so finding the court does not attempt in any way to adjudicate the right of the temporary guardian to file a claim against the estate of the said Thomas Walker, it being intended in this finding that that question should be left open for the parties to proceed as they may be advised in the premises.

Fifth. The court further finds that said temporary guardian, J. M. Rinehart, has been paid for his services as such guardian the sum of $150, which said sum the court finds to be full and ample compensation for all services rendered by the said guardian.

It is therefore ordered and adjudged on this 27th day of April, the same being the 16th day of the regular March, 1909, term of this court, that the said temporary guardian, J. M. Rinehart, turn over at once all the property in his hands belonging to the estate of said Thomas Walker, deceased, to the special administrator of said estate, C. McKeen Duran, said property consisting of two certificates of deposit, one for $1,000 and the other for $400, and also cash in the sum of $185.06, and all other property, if any, belonging to the estate, and that he take from said administrator a receipt therefor. And it is further ordered that on so doing, and on the filing of said receipt with the clerk of this court, the said temporary guardian shall stand discharged as such, and his bond shall stand exonerated. In case appeal is taken to the Supreme Court, supersedeas bond is fixed in the sum of $2,500. To all of which the said temporary guardian, J. M. Rinehart, excepts.

These conclusions, both of fact and law, are challenged by appellant, while appellee contends that the holding is in accord with our prior decisions, notably: *Ordway v. Phelps,* 45 Iowa, 281; *In re Guardianship of Lindsay,* 132 Iowa, 119; *Bates v. Dunham,* 58 Iowa, 308; *Slusher v. Hammond,* 94 Iowa, 516; *In re Estate of Manning,* 134 Iowa, 169.

The items out of which the controversy arose were costs and expenses incurred in the litigation which resulted in the appointment of the temporary guardian and attorney's fees contracted by the guardian after he had been appointed to maintain himself as such guardian. The appointment was made on the petition of John Walker, and, as already stated, the case was tried twice in the district court and was once before this court. See *Walker v. Walker,* 115 N. W. (Iowa) 1132. Such being the record, should these claims have been allowed in the matter of the guardianship, or were they claims to be considered in the matter of the estate of the deceased? It is manifest, we think, that all matters properly connected with the guardianship proceedings

should be settled in that proceeding, and that all claims
against the deceased individually or which were contracted
by him should be allowed against the representatives of his
estate. In either case a representative of the estate should
be heard; but all claims properly arising out of the guard-
ianship proceedings should be settled under the orders and
direction of the district court sitting as a court of probate
or in virtue of a supervisory power over its appointees.
The amount of the claims is not in dispute, nor is it ma-
terial now to consider their validity, save that we must
find that prima facie at least they were claims for allow-
ance by some one. It is clear that they were never claims
against Thomas Walker individually. They were not in-
curred by him. As to the costs incurred in the guardian-
ship proceeding, it is manifest that no order of court could
be obtained in advance for their allowance, and the same
rule should obtain, we think, as to attorney's fees.

Nothing said in *In re Guardianship of Lindsay,* 132
Iowa, 119, runs counter to these views, as an examination
will show. *In re Estate of Manning,* 134 Iowa, 169, is
nearer in point; but that case does not decide what court
should determine the question of attorney's fees incurred
by the temporary guardian in maintaining himself in that
position. The very court having jurisdiction of the matter
impliedly consented to such employment, and the services
were valuable to the ward's estate. At least, we must so
find in the absence of some showing to the contrary; and,
in view of the verdicts of the jury, it is doubtful if it
could be shown that the services were not of value. Cer-
tain expenses as costs of suit and attorney's fees incurred
as in this case need not be with the express approval of
the trial court. See, on this proposition, *In re Tolifaro,*
113 Iowa, 747. We think a prima facie case was made
for the allowance of some of the claims, and that the trial
court was in error in holding that they could only be set-
tled in the probate court administering the estate of the

deceased. It is fundamental that the court appointing a trustee or guardian should allow such official all reasonable expenses incurred in the execution of his trust, and, if these have not been paid, it should make such orders as will protect him from personal liability. *Curran v. Abbott,* 141 Ind. 492 (40 N. E. 1091; 50 Am. St. Rep. 337); *Powell v. Powell,* 23 Mo. App. 365, and cases cited.

It was the duty of the temporary guardian to maintain himself in that position for the benefit of his ward's estate, and, having been appointed after a verdict, such appointment was presumptively beneficial. All reasonable costs and charges incurred should have been allowed.

For the reasons pointed out, the order must be, and it is, *reversed.*

Evans, J., taking no part.

SUPPLEMENTAL OPINION ON REHEARING.

Friday, February, 17, 1911.

Per Curiam.—In a petition for a rehearing our attention has been called to a mistake of fact in the opinion heretofore filed herein, and to the further fact that due consideration was not given the case of *Ordway v. Phelps,* 45 Iowa, 281. A re-examination of the record shows that we were mistaken in saying that the guardian was appointed as the result of a second trial. The facts in this connection are that Rhinehart was appointed temporary guardian upon an ex parte showing, and as such took possession of some of the property of the ward; that there were thereafter two trials, the first resulting in a disagreement, and the second in a verdict of a jury finding Walker incompetent and a proper subject for guardianship. This last verdict was set aside by the trial court, and upon appeal here the order was sustained. *Walker v. Walker,* 115 N. W. (Iowa) 1132. Before another trial could be had,

Walker died, and we may say parenthetically that in a contest over the probate of his will he was found to be·lacking in mental capacity. *In re Walker's Will* (Iowa), 128 N. W. 386. After the death of Walker, the court ordered the temporary guardian to make final report, and the proceedings with reference thereto were as stated in the original opinion. It should also be stated that the original petition was prepared in the presence of Thomas Walker, was read over to him and that he stated to the attorney who drew the petition that he wished Rinehart appointed to manage his property. Rinehart was also present and took part in the conversation. Pursuant to this the following statement was written into the petition: "That the defendant himself desires that one J. M. Rinehart shall be appointed to take charge of his affairs and manage the same under the direction of the court." The appointment of Rinehart was made under the allegations of this petition. So much by way of correction of the facts stated in the original opinion.

Coming now to the law: The case most strongly relied· upon by appellee, to wit, *Ordway v. Phelps,* 45 Iowa, 279, was cited in the original opinion; but nothing was said specifically of the doctrine of that opinion. It is strenuously insisted that the case is controlling, and calls for an affirmance of the order made by the trial court. In view of this contention, we have thought it advisable to note the facts which distinguish.that case from this. In that case attorneys, who, it is claimed, had rendered services for ιa guardian of one deceased, filed a claim with the administrator of· the estate of the deceased, seeking to hold the estate liable. They did not claim anything of the guardian, but elected to present their claim against the estate of the deceased. The trial court in that case, without request of either party and upon. its own motion, ordered the matter transferred to the guardianship proceedings, and directed that the attorneys file their claim with the

guardian and in the guardianship proceedings.  This order was, of course, erroneous; for the attorneys were not seeking to enforce their claims against the guardian, and did not claim that they had any against the guardian.  Surely in such a situation the trial court was in error in ordering the transfer of the matter to the guardianship proceedings; no claim having been made against the guardian, and the report of the guardian being in no manner involved.

Here the guardian filed his report upon order of court. He presented his claims for expenses incurred, and asked for a full settlement of all matters connected with his trusteeship.  The administrator appeared and filed objections, and was properly in court.  The court itself had jurisdiction of the subject-matter and of all the parties, and there was no occasion for ordering the matter transferred to the estate of Walker.  The *Ordway* case does not hold that, in a guardianship proceeding, proper and reasonable charges and expenses can not be considered and allowed in settling the matters of his guardianship, although his ward may have died pending the guardianship. True, the guardian can not, after the death of his ward, incur additional expenses, save such as are necessary to preserve the property until it may properly be turned over to the representative of the estate; but upon final settlement of his accounts he should be allowed the proper and reasonable expenses, if any, incurred by him before the death of his ward.

The original opinion, with these modifications, is adhered to, and the petition for rehearing is *overruled.*

Evans, J., taking no part.