4 25
f118 210

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## SUCCESSION OF McKINNEY.

The widow, who is tutrix of the minor heirs, is entitled to the administration of the succession of her husband, in preference to a person not shown to have been a creditor, though the application of the former was not made until more than ten days had elapsed from the advertisement of the first application. C. C. 1035, 1037. Arts. 1111 of the Civil Code, and 970 of the Code of Practice, requiring oppositions to applications for letters of administration to be filed within ten days after the publication of notice, relate to the appointment

of curators of vacant successions; and cannot be considered as controlling the order of preference established for the appointment of administrators.

APPEAL from the District Court of Jefferson, *Clarke*, J. *Marks*, for the appellant. *Mott*, for *Erwin*. *Micou*, for the administratrix. The judgment of the court was pronounced by

KING, J. *Mayer* applied, on the 29th of February, 1848, for the administration of the succession of *James McKinney*, deceased, averring that he was a creditor, and notice of his application was published in a newspaper, on the 4th of March following. *Erwin* and *Ridgely* also claimed the administration, on the ground that they were creditors of the succession. On the 18th of March, more than ten days after the advertizement of *Mayer's* application, *Mrs. McKinney*, the widow of the deceased, and tutrix of his children, filed an opposition, and claimed the administration for herself, asserting her superior right as widow and tutrix. Her claim was sustained, and *Mayer* has appealed.

The district judge did not, in our opinion, err. *Mayer* has not shown that he was a creditor, and rests his claim exclusively upon the priority of his application, and upon the neglect of *Mrs. McKinney* to present her opposition within the delay of ten days.

The Code designates the persons who are to be preferred in the appointment of administrators of beneficiary successions. Preference is to be given to the beneficiary heir, if he be present and of age, over any other person. If the beneficiary heirs be minors, the preference is to be given to their tutors. Civil Code, arts. 1035, 1037. This preference may be claimed as long as the appointment has not been confirmed on an earlier applicant. Articles 1111 of the Civil Code, and 970 of the Code of Practice, relied on by the appellant, and which require oppositions to applications for letters of administration to be filed within ten days after the publication of notice, are found in the chapters of those Codes which relate more particularly to the appointment of curators of vacant successions. It is true that those articles have been held to apply to the appointment of administrators, so far as to require the publication of notice. But they cannot be considered as controling the order of preference established in appointing administrators, nor as limiting absolutely the time within which the preference may be claimed. In the case of *Hook* v. *Richardson*, 4 La. 570, it was held, that " the heirs present have a preference in the administration of the estate over any other person; and if a curator be unadvisedly appointed, his powers cease when they present themselves and demand it." It is contended by the appellee, and we think with reason, that if the legal preference could be enforced after the appointment of an administrator, *a fortiori* must it be recognized before such an appointment has been made.

*Judgment affirmed.*