## SUCCESSION OF E. CROCKER.

The appointment of a dative testamentary executor should not be made when there are no debts of the estate to be paid, nor legacies to be discharged.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
  *R. Hunt* and *H. Dugué*, for appellants.   *R. N. Ogden, Bonford* and *Leovy*, for appellee.

BUCHANAN, J.  The testamentary executor, *H. H. Crocker*, having been removed from office, a petition was presented by *Albin Rochereau*, in February, 1857, to be appointed dative executor.

This application was opposed by several of the instituted heirs on the ground, that there was no necessity for the appointment, there being no debts due by the estate, no legacies except those to the opponents; and, on the further groun d, that the testamentary heirs were in possession of the estate.

The District Court, by judgment rendered in April, 1857, overruled the opposition, and appointed *Rochereau* dative testamentary executor. The opponents appealed.

We have been referred, in argument, by the counsel of appellant, to our decision in the case of *Reed* v. *Crocker*, rendered in June, 1857, and reported in 12th An. 436, which settled the portions of the heirs of this estate, and referred them to the District Court to make a partition of the same.

The case of *Reed* v. *Crocker* was an action instituted by certain of the heirs-at-law of *Elisha Crocker* against his testamentary heirs, to annul the last will, so far as it disposed of more than one-fourth of the estate; and for a partition. This action was pending when the application of the appellee for the dative executorship was filed. The demand in that action recognizes *Elisha Crocker's* testamentary heirs as being in possession of his estate; and the decree of this court has maintained that possession to the extent of one-fourth, and has sent the heirs-at-law into possession of the other three-fourths.

No proof has been made that there are any debts due by the estate; nor that there are any other legacies than those to the opponents. It is difficult to perceive what would be the functions of the dative executor, were we to confirm his appointment. Without seizin of the estate, without debts to pay, or legacies to discharge, the appointment would result in nothing but useless costs.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and that the application of the appellee for dative executorship of this estate, be dismissed at his costs in both courts.