### No. 1111.—SUCCESSION OF G. EHRENBERG.

The formalities necessary to be observed to give validity to an olographic testament are, that the will must be written, dated and signed by the testator himself.
A party may dispose of his property by last will, by instituting an heir, or by naming legatees.
Where the language of a testament leaves the meaning of the testator doubtful, acts done by him after its execution, may be taken into consideration as explanatory of, and in ascertaining his intentions. C. C. 1708.

APPEAL from the Second District Court of New Orleans. *Thomas, J. Dalsheimer & Buck* and *Roselius & Philips*, for appellant. *M. C. Dunn*, for appellee.

LUDELING, C. J. Upon the decease of Gustave Ehrenberg, application was made to the Judge of the Second District Court of New Orleans to probate the following instrument as the last will and testament of said Ehrenberg, to wit:

"NEW ORLEANS, September 15, 1859.

"Mrs. Sophie Loper is my heiress.

"G. EHRENBERG."

"NEW ORLEANS, March 16, 1861.

"The legatee's name is correctly spelt Loeper.

"G. EHRENBERG."

On the back of this instrument is written the following:

"Ehrenberg's will, to be opened by S. B. Patrick, who will see it executed. A copy of this will is left in the hands of the heiress."

The Judge refused to probate the act, on the ground that it was not a testament—that there was no disposition of property; that the language could not be regarded as an expression of his will that Mrs. Loeper should inherit his property.

From this ruling an appeal has been taken. A testament is an act clothed with certain formalities, by which the last will of the testator is manifested, in relation to the disposition of his property, after his death. It is proved that this instrument is entirely written, dated and signed by G. Ehrenberg. It is, therefore, clothed with the *formalities* required by law for an olographic testament.

The Code declares that one may dispose of his property by will, "in any manner whatever, whether he has instituted an heir, or only named legatees." C. C. Art. 1563.

And we are directed by the Code that, "when, *from the terms made use of by the testator*, his intention cannot be ascertained, recourse must be had to all circumstances which may aid in the discovery of his intention." C. C. Art. 1703; 1 An. 444; 2 An. 580.

If, then, any doubt be entertained in regard to what the deceased intended by the terms "Mrs. Loeper *is my heiress*," we are authorized to refer to his acts, in connection with this will, to learn the sense in which he used the words. More than a year after Ehrenberg made the will he wrote on the same sheet of paper, and below the will, "the *legatee's* name is correctly spelt Loeper;" and on the back of the document is endorsed, in his handwriting, "Ehrenberg's will, to be opened by S. B. Patrick, who will *see it executed. A copy of this will is left in the hands of the heiress.*"

It is certain that Ehrenberg intended to make a will, and that he intended that the act in question should be probated and executed as his testament. It seems to us equally certain that the desire, *will*, of Ehrenberg was, that Sophie Loeper should have his property after his death, inherit it, that she should be his heir or universal legatee. The testator's intention is the object to be ascertained, and when learned beyond a reasonable doubt, it is the duty of courts to enforce it, if the dispositions be not reprobated by law. D. 33; L. 10; T. 71. 2 §; 7 An. 395; 4 La. 425; Fuselier *v.* Masse *et al.*

36

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be reversed, and that the act in question be and is hereby declared to be the testament of G. Ehrenberg; and that, as such, it be executed, after the formalities required by law shall have been complied with; and that, for this purpose, the case be remanded to the District Court. It is further ordered that the succession pay the costs of this appeal.