NEW ORLEANS, APRIL, 1873.							329,

State ex rel. Leonard v. The Parish Judge of the parish of Plaquemines.

## No. 4649.

STATE ex rel. P. LEONARD, Public Administrator, *v.* THE PARISH JUDGE OF THE PARISH OF PLAQUEMINES.

Where on the application of the public administrator of a parish, praying to be appointed administrator of a vacant estate, and to be authorized as such to institute all the proceedings required by law, the parish judge refused to take any judicial action in relation to the same, because a person representing himself to be the brother and the heir of the deceased had appeared, praying to be appointed administrator of said estate, and because such being the case, it was believed by the court that the public administrator had no right to have his prayer complied with ;

Held—That the judge *a quo* erred. The application of the public administrator should have been filed, and, after due notice given, tried contradictorily with the application of any other party, and the rights of all the parties settled by a judicial decree.

APPLICATION for a rule *nisi* against Judge Prescott, parish court of Plaquemines. *E. Howard McCaleb,* for relator. Judge *Prescott in propria persona.*

TALIAFERRO, J. The relator complains that in his capacity of public administrator of the parish of Plaquemines, he presented to the defendant, who is parish judge of that parish, a petition, in which he set forth that one Andrew Robertson died recently in said parish intestate, leaving therein a succession without heirs present or represented, and prayed to be appointed administrator of the vacant estate of the decedent; that an inventory and appraisement of the property be made, and that an attorney be appointed to represent the absent heirs. Relator alleges that the said judge refused to make any order on the petition so presented to him, and declined taking any judicial action in relation to the same, therein acting in dereliction of his duties as a public officer and in violation of law. The relator applied to this court for a mandamus, directing the said judge to discharge his duties in the premises, as by law it is incumbent upon him to do. A rule *nisi* was granted, as prayed for, and the defendant, William Prescott, parish judge of the parish of Plaquemines, was ordered to show cause, on Saturday, the twenty-ninth of March, 1873, why the mandamus should not be made peremptory, requiring him, in the name of the State of Louisiana, to render a judgment or order upon the petition presented to him by the relator, invoking judicial action in the matter of the vacant succession of Andrew Robertson, deceased, according to law.

The judge answered, that on the twentieth of March, 1873, a brother of the deceased appeared and filed a petition, praying an order for the production of a certain box, deposited by the decedent in the Hibernia Bank, in New Orleans, in which box the petitioner was induced to think the decedent's will might be found. This proceeding, followed up on the twenty-second of March, two days after, by a petition of the same person, representing himself to be an heir of

330

SUPREME COURT OF LOUISIANA,

State ex rel. Leonard v. The Parish Judge of the parish of Plaquemines.

Andrew Robertson, deceased, and praying to be appointed administrator of his estate, the respondent thought that the petitioner, Stewart Robertson, had made himself known as an heir, and opened the succession of Andrew Robertson, and, therefore, not believing, under that state of facts, that the public administrator had by law a right to the administration of the estate, he declined to render any order prayed for by the public administrator.

We think the respondent erred. The application of the public administrator to be appointed administrator should have been filed, and after due notice given, tried contradictorily with the application of any other party, and the rights of all the parties settled by a judicial decree.

It is, therefore, ordered that the rule be made absolute, and that William M. Prescott, parish judge of the parish of Plaquemines, in his official capacity, do proceed to the performance of his duties herein, in conformity with law and this opinion; defendant paying costs of these proceedings.