### No. 452.

SUCCESSION OF MARY A. GEE. Opposition of heirs to the application of Public Administrator for administration.

The fact of a husband being the bearer of an act which he presented as his wife's power of attorney to himself, and acting as her attorney in fact under it, might be shown, in order to establish his authorization to her, after it was distinctly proved that the wife signed the act.

In this case the judgment of the court a qua appointing the public administrator to administer the succession was erroneous. It was not a vacant succession. There were no debts against the estate—the heirs were represented according to law and were claiming to be put in possession. Under this state of facts his functions were not required.

APPEAL from the Parish Court, parish of Claiborne. *Scott*, J. *J. & J. W. Young*, for the applicant and appellee. *Egan & Hayes*, for opponents and appellants.

TALIAFERRO, J. Mary A. Gee died on the eleventh December, 1873, in the parish of Claiborne, intestate, leaving in that parish a succession appraised by inventory to near seven thousand dollars, and it does not appear there were any debts against it. The decedent left no heirs in the ascending or descending line. On the thirteenth of the same month the public administrator of the parish made application to the parish court to be appointed to administer the succession, alleging as grounds for his appointment, that Mrs. Gee "died without leaving any will, and left no heirs present or represented." There was no allegation of indebtedness. On the twenty-ninth of the same month two nieces of the decedent and a nephew, a minor (who is represented by a guardian), made opposition to the appointment of the public administrator, alleging themselves to be the sole heirs of the deceased. The nieces are married women. At the date of the filing of the opposition all the heirs were represented by an agent and attorney in fact, and also by attorneys at law. The proof of the rights of these opponents as heirs of this succession is fully made out. The power of attorney of Mrs. Haring, one of the heirs, to her husband, was objected to on the ground that there was no written authorization of the husband to the wife to sign her name to the act.

The opponent, Mrs. Haring, by her counsel offered to prove that the husband had brought the power of attorney to the State himself and had acted under it, the signature of Mrs. Haring to the power of attorney being first proved. The court excluded the evidence offered to prove an authorization and rejected the instrument. A bill of exceptions was reserved. The judge, we think, erred. The fact of the husband being the bearer of the act, presenting it as his wife's power of attorney and acting as her attorney in fact under it, might be shown to establish his authorization after it was distinctly proved that the wife signed the act. The opposition of the heirs was overruled and the public administrator appointed to administer the succession.

The judgment is erroneous. This was not a vacant succession; there were no debts against the estate; the heirs were represented according to law and were claiming to be put into possession. Under this state of facts the public administrator had no right to take the estate under administration. In such a case his functions are not required and his appointment was irregular and illegal.

It is therefore ordered that the judgment of the parish judge appointing the public administrator to administer the succession of Mary A. Gee, deceased, be annulled, avoided and reversed. It is further ordered that the opponents be recognized as the legal heirs of said decedent, and put into possession as such; the public administrator, in his individual capacity, paying all costs of this suit.