Statement of the Case.
MONROE, J.
Malvina Sallier (Widow Weincke) died, intestate, in May, 1906, leaving children by three marriages, viz.: By the first marriage, Joseph H. Moss, Madora Moss, wife of Geo. W. Farquhar, and Catherine Moss, wife of Joseph Malcolm; by the second marriage, Rosa Wilson, wife of Geo. Miller; by the third marriage, Elise Weincke, wife of Harry Cash, Ida Weincke, wife of Ed. McCormick, Mollie Weincke, wife of Charley Stenious, and Dela Weincke, wife of William Cheney.
She also left property, inventoried as belonging to her separate estate, consisting of town lots in West Lake and Lake Charles, and 2S0 acres of land, with improvements, in the parish of Calcasieu, valued, together, at $4,295; two notes, made by her son Jos. H. Moss, amounting to $90; two notes, made by her daughter Mrs. Cash, amounting to $140; one note, made by her daughter Mrs. McCormick, amounting to $140; and $790, cash in bank — to which is to be added an interest in 40 acres of land and a lot of household furniture, inventoried as belonging to the last community, and valued at $185.
On May 30th Jos. I-I. Moss filed a petition for administration (signed, also, by counsel representing Mrs. Malcolm), to which, on April 9th, an opposition was filed on behalf of all the other heirs, who allege that the succession owes no debts, save those incurred in connection with the last illness, death, and burial of decedent, not exceeding $150, and that an administration is' unnecessary; and to this opposition there is appended the written consent of the persons who are said to be creditors that the heirs be put in possession.
Upon the same day (April 9th), but after the filing of the of>position, the applicant executed a bond as administrator and received from the clerk letters of administration; and thereafter the - opponents moved that the applicant be ordered to show cause why said letters should mot be annulled, on the ground that they were prematurely issued. Upon the trial (together) of the rule and opposition, counsel producéd written authority from each of the opponents; but Mrs. Gash, though stating that she did not want an *209 administration, if it could be helped, said that she would like “to get out of it all,” and counsel thereupon asked that they be allowed to withdraw as her representatives, and it was so ordered. There was testimony going to show that the counsel who represented Mrs. Malcolm in applying for administra, tion had good reason to think that he was authorized to that effect; but her written authority to oppose the administration bears a later date. Several of the creditors were examined, and testified, in substance, that they did not care to meddle in the matter, and would be satisfied with or without an administration. As between the heirs, it seems that the decedent had sold to her son Jos. H. Moss, and' to her daughters Mrs. Cash and Mrs. McCormick, each, a lot in Lake Charles, for $150; that some of the others thought that they should be accorded the same privilege, the lots being worth more money; and that Farquhar, representing his wife, not being able to get a satisfactory assurance from Mr. Moss on that subject, stirred up the opposition to his appointment. Moss testifies that the decedent wanted the others to buy the lots, and that he wanted them to do so, with a view, by extending the payment over several years, to give their mother a small income, but that they neglected to buy, thinking that they would, eventually, get the lots by inheritance. There was some testimony as to claims by the children of the first two marriages for settlement of the successions of their fathers, and, whilst Mrs. Farquhar and Mrs. Miller disclaimed any intention of pressing their claims, Mrs. Malcolm and Mrs. Moss (wife of the applicant) were not heard on that subject. Mrs. Malcolm, it may be remarked, lives in the parish of Yernon (adjoining Calcasieu), and the other heirs reside in Calcasieu. Mr. and Mrs. Farquhar testify that they think the succession could be settled without an administration, if the applicant, Moss, will agree with the other heirs. Mrs. Miller and Mrs. McCormick testify that they oppose an administration because of the expense. Moss testifies that he thinks an administration necessary, because there are debts to pay, notes to collect, and matters of difference between the heirs to be settled. There is nothing in the evidence to justify the conclusion that the applicant is not, personally, a proper person to be appointed, should an administration be ordered. There were two judgments rendered and signed the same day — one making absolute the rule to cancel the letters of administration, and the other rejecting the demand for an administration; and, the applicant having appealed by motion and having given a bond which refers to one judgment, the appellees move to dismiss on that ground.
Opinion.
On Motion to Dismiss.
From the reading of the minutes, the motion of appeal is applicable to both judgments, and, as the matters were tried together and tend to the same result, we think the appeal may be sustained as bringing up both judgments for review. Succession of Clark, 80 La. Ann. 801.
On Rule to Cancel Letters.
The petition for administration having been filed on May 30th, and the opposition on April 9th (before any order had been made by the clerk, and before the bond had been filed or the letters issued), the latter was in time, and the issuance of the letters before it was heard was .premature. Succession of McKinney, 4 La. Ann. 25; Succession of Picard, 33 La. Ann. 1135; Succession of Block, 6 La. Ann. 810; Succession of Gusman, 35 La. Ann. 407.