168 So. 118

Succession of DAVIS.

No. 33494.

April 27, 1936.

James N. Brittingham, Jr., of New Orleans, for appellant.

Warren V. Miller, of New Orleans, for appellees Joseph S. Delaney and others.

LAND, Justice.

Mrs. Addie Davis, widow of Joseph Bruen, departed this life in the city of New Orleans on March 6, 1935.

She died without descendants, and left property, both real and personal, within the jurisdiction of the lower court.

Decedent also left a last will and testament in which she made certain special legacies, and gave the remainder of her estate to Joseph S. Delaney, the grandchild of her deceased husband.

The legacy to the sisters of decedent, Ella Davis and Mrs. Varina Siegel, of the property Nos. 5028–5030 North Rampart street in the city of New Orleans was revoked by codicil to the will of date January 19, 1932, and one half of this property was bequeathed to Mrs. James M. Conner, the niece of decedent, and the other half to the heirs of Rose De Sola.

George J. Untereiner, named executor in the will, died some time before the will was probated, and Joseph S. Delaney applied to be appointed dative testamentary executor.

The application of Joseph S. Delaney was opposed by Albert W. Newlin, public administrator for the parish of Orleans, on the ground that decedent left some property and debts; that administration of the estate is necessary; and that decedent left no husband *or heir present or represented in the State,* who is qualified to assume and who claims to assume the office of dative testamentary executor.

Mrs. May Varina Siegel, wife of James M. Conner, legatee and maternal niece of decedent, and a resident of the city of New Orleans, intervened and opposed the motion or rule of the public administrator to be appointed dative testamentary executor of the estate of decedent, on the ground that an administration of the succession is unnecessary; that there are no debts; and that the heirs and legatees of decedent are present and represented in the state, and all are requesting to be placed in possession of their various legacies.

In the alternative, intervener alleges, in the event the court should find that an administration of the estate is necessary, that Joseph Delaney is *an heir* by virtue of being *universal legatee* under the will; and that it is satisfactory to intervener that he should be appointed dative testamentary executor.

In the further alternative, intervener alleges that if the court should find that ad-ministration is necessary and that Joseph S. Delaney is not entitled to the executor-ship, then intervener is willing and able and desires, as legatee and *maternal niece* of decedent, to be appointed dative testamentary executrix of the estate of decedent.

On the trial of the motion or rule of the public administrator, judgment was rendered decreeing that there was no necessity for administration of the estate, and dismissing the motion or rule of the public administrator, also the original application of Joseph S. Delaney to be appointed dative testamentary executor, and the application by intervention of Mrs. May Varina Siegel, wife of James M. Conner.

It is decreed, however, in this judgment: "That considering the announced intention of the Public Administrator for the Parish of Orleans to appeal herefrom that the purpose of conserving the rentals from the various properties and having proper accounting made therefrom, that Joseph M. Delaney be and is hereby appointed Administrator pro tempore of the above numbered and entitled succession, upon complying with the requisites of the law."

From this judgment the public administrator has prosecuted a devolutive appeal to this court.

1. The evidence taken on the trial of the motion or rule of the public administrator to be appointed dative testamentary executor shows that there are no debts against any of the properties of the succession. The cash legacy to St. John's Roman Catholic Church has been paid. The funeral expenses, hospital and doctor's

bills have also been paid, and the vouchers have been filed in evidence and the signatures to same verified. These payments were made by Joseph S. Delaney, universal legatee, under the instructions of his attorney. We concur in the finding of the trial judge that there was no necessity for administration of the estate, and also as to the dismissal of the motion or rule of the public administrator and the other applications for administration.

There is no creditor demanding an administration, and the appointment of a dative testamentary executor should not be made where there are no debts to be discharged. C. P. art. 976; Succession of Crocker, 14 La.Ann. 94; Succession of Weincke, 118 La. 206, 211, 42 So. 776.

2. Joseph S. Delaney is a legatee of the residuum of decedent's estate and is a universal legatee. Succession of Kneipp, 172 La. 411, 419, 420, 134 So. 376; Succession of Burnside, 35 La.Ann. 708; Succession of Fisk, 3 La.Ann. 705.

And a universal legatee is *an heir*. C.C. 884; Succession of Justus, 44 La.Ann. 721, 11 So. 95; Succession of Ehrenberg, 21 La.Ann. 280, 281, 99 Am.Dec. 729; Mumford v. Bowman, 26 La.Ann. 413.

Article 884 of the Civil Code provides that: "The person who has become the universal successor of the deceased, who is possessed of all his property and rights, and who is subject to the charges for which the estate is responsible, is called *the heir,* no matter whether he be such by law, by the institution of a testament or otherwise." (Italics ours.)

Article 875 of the Civil Code declares that:

"There are three sorts of succession, to-wit:

"Testamentary successions;

"Legal successions; and,

"Irregular successions."

Article 879 of the Civil Code declares that:

"There are three kinds of heirs which correspond with the three species of successions described in the preceding articles, to-wit:

"Testamentary or instituted heirs;

"Legal heirs or heirs of the blood; and,

"Irregular heirs."

Saunders, in his lectures on the Code, page 327, says: "Every disposition contained in a will falls under one of three classes of legacies or dispositions—either the beneficiary is made the *universal legatee or the heir,* or he is made the legatee under universal title, or a legatee under a particular title." (Italics ours.)

Joseph S. Delaney, universal legatee under decedent's will, is *an heir,* present in the city of New Orleans, is a party to the present proceedings, and is contesting the right of the public administrator to be appointed dative testamentary executor of the estate of decedent.

The evidence in the case also shows that the intervener, Mrs. May Varina Siegel, wife of James M. Conner, is a niece, or legal heir by blood, of decedent. She is also present in the city of New Orleans, is a

party to these proceedings, and is contesting the right of the public administrator to be appointed dative testamentary executor of this succession.

There are no debts, and all of these heirs and legatees are present, or represented, and are seeking to have themselves put in possession of the property of decedent's estate.

Where there are no debts and the succession is not a vacant one, the heirs seeking to have themselves put in possession, the public administrator has no right to pray for the administration. Succession of Gee, 26 La.Ann. 666, 667.

■ 3. The public administrator requests appointment under section 3 of Act No. 87 of 1870, as amended by Act No. 74 of 1877, Ex.Sess., § 3, which reads as follows: "In all testate successions in the parish of Orleans where from any cause the executor cannot discharge the duties of his office the judge shall appoint the Public Administrator of the parish dative testamentary executor, when there is *no* surviving husband or wife *or heir present or represented in the State* who is qualified to assume and who claims the right to assume the duties of the said office." (Italics ours.)

Instead of proving that there is "no surviving heir present or represented in the State," the public administrator is confronted with the fact that there are two such heirs, the universal legatee, and a niece, a legatee and heir of blood, either of whom would exclude him from the administration of the estate of decedent, under the plain language of Act No. 74 of 1877, Ex.Sess., upon which he relies.

The public administrator, therefore, is without right or interest to interfere with or prevent the heirs and legatees of decedent from being placed in possession and accepting the succession of decedent purely and simply, as they are seeking to do, as shown by the petition found at page 16 of the transcript, and which was also made part of the answer of Joseph S. Delaney, universal legatee and heir, to the motion or rule of the public administrator to be appointed dative testamentary executor of the estate of decedent. Tr., p. 14.

4. Joseph S. Delaney and Mrs. May Varina Siegel, wife of James M. Conner, have answered the appeal, and both pray that the judgment appealed from be amended by placing the heirs and legatees in possession of the estate as requested in the court below.

In our opinion, their prayers for amendment of the judgment are well founded.

It is therefore ordered that the judgment appealed from be amended as follows: It is further ordered that petitioners, Mrs. May Varina Siegel, wife of James M. Conner, Rena May De Sola, Benjamin De Sola, Charles De Sola, and Joseph De Sola be recognized as the particular legatees of decedent, Mrs. Addie Davis, widow of Joseph Bruen, of the property Nos. 5028–5030 North Rampart street, in the city of New Orleans, and as such that they be sent and placed in possession of the said legacy in the following proportions: An

undivided one-half to Mrs. May Varina Siegel, wife of James M. Conner, and to each Rena May De Sola, Benjamin De Sola, Charles De Sola, and Joseph De Sola an undivided one-fourth of the other one-half thereof; and that Joseph S. Delaney be recognized as the universal legatee of the residue of the estate of decedent, and as such be sent and placed in possession of all other property left by said decedent of every description and nature, and particularly the real estate described in, article XI of the petition placing legatees in possession, pages 18 and 19 of the transcript in this case.

It is now ordered that the judgment appealed from, as amended, be affirmed.

O'NIELL, C. J., absent.