**Succession of MOORE.**

No. 17301.

Court of Appeal of Louisiana. Orleans.

May 6, 1940.

Daniel A. McGovern, Jr., of New Orleans, for plaintiff-appellant Mamie Holster Moore.

Theodore Cotonio, of New Orleans, for appellee William Patterson.

McCALEB, Judge.

This is a suit to annul a judgment rendered in this proceeding in favor of William Patterson, as administrator of this succession, against the Succession of Sallie Fowler, on the ground that the same was obtained through misrepresentation and fraud on the part of Patterson. The action was brought by one Mamie Holster Moore who claims to be the maternal granddaughter of the late Sallie Fowler and also a legatee under her last will and testament.

After a trial in the district court, there was judgment rejecting plaintiff's demand and she has appealed to this court from the adverse decision.

The issues in the case are somewhat complicated and are predicated upon an unusual state of facts which we find to be as follows:

Allen Moore died in the City of New Orleans on February 2, 1934. At the time of his death, he was married to one Sallie Fowler who survived him. The only property left by him was a certain piece of real estate situated in the City of New Orleans bearing the municipal number 1921 Foucher Street. This real estate was his separate property, having been acquired by him by judgment of the Civil District Court for the Parish of Orleans dated August 6, 1909, in the succession proceedings of his first wife, one Hester Love.

During the year 1912, Moore married Sallie Fowler, who was his second wife. In 1913, he made a will wherein he bequeathed to her all of his property constituting her as his universal legatee. Many years later on October 21, 1929, he entered into a written contract with one Washington White whereby he provided that, in consideration of an agreement by White to take care of and support him during the balance of his life, he would execute a will constituting the said White as his universal legatee and on the same day he made such a will in accordance with the terms of his contract. Later, White breached the contract between Moore and himself, and, on August 19, 1930, Moore revoked the will in favor of White.

During this entire period of time—that is, from the date of his second marriage up to the date of his death in 1934—Moore and his wife, Sallie Fowler, lived in the premises 1921 Foucher Street. After Moore's death in 1934, Sallie Fowler did not have his succession opened and from

that time on and up to the date of her death in 1938 she remained in occupancy and possession of this property. On April 24, 1935, Sallie Fowler, being of the belief that she was the owner of this real estate, made a last will and testament wherein she bequeathed the property to one David W. Coulon and also appointed him as the testamentary executor of her estate. In this will she also bequeathed to the plaintiff in this suit, Mamie Moore, the sum of $500 in cash and the furniture and effects contained in the residence on Foucher Street.

Shortly after the death of Sallie Fowler in 1938, her succession was opened in the Civil District Court for the Parish of Orleans under Docket No. 225,982 and David W. Coulon was appointed as testamentary executor of her estate by virtue of her last will and testament. After his appointment as executor, Coulon caused an inventory to be made of the assets of the estate which consisted entirely of personal property. The real estate on Foucher Street was not included in the inventory.

With affairs in this state, one William Patterson, representing himself to be a nephew of Allen Moore, caused the latter's succession to be opened in these proceedings and had himself appointed as administrator thereof. In the petition of Patterson, no mention is made of either of the wills which had been executed by Moore, and the court, in granting the relief sought by him, was apparently led to believe that Moore had died intestate. As soon as Patterson was appointed as Moore's administrator, he caused an inventory of the estate to be taken. This inventory lists, as the only asset of the succession, the real estate situated on Foucher Street.

After the inventory of Moore's estate had been taken, Patterson filed a petition in these succession proceedings wherein he alleged that the real estate on Foucher Street was in the possession of David W. Coulon, the testamentary executor of the Succession of Sallie Fowler; that, in his quality as administrator, he was in duty bound to marshal the assets of the succession; that the said Coulon was without right or interest in the property and that he should be ordered to deliver its possession to him (Patterson) as administrator of this estate. He also alleged that the Succession of Sallie Fowler was indebted to this succession for the value of the use and occupancy of the property by Sallie Fowler from the time of the death of Allen

Moore in 1934 until such time as its possession would be delivered to him as administrator of the estate and that he was entitled to a judgment for the rental value of said property at the rate of $15 per month. Service of this petition was accepted by Coulon, as testamentary executor of the Succession of Sallie Fowler, acting through his counsel of record in those proceedings. Upon Coulon's failure to file an answer to the suit within the delay given by law, Patterson took a default judgment and had it confirmed. This judgment recognized the Succession of Moore as the owner of the real estate on Foucher Street and Coulon, as testamentary executor of the Succession of Sallie Fowler, was ordered to deliver the possession of the property to Patterson as administrator of this estate. The court also granted judgment in favor of the Succession of Moore and against the Succession of Sallie Fowler for the use and occupancy of the property by Sallie Fowler from the date of Moore's death until the date of the delivery of the property to Patterson in the sum of $15 per month. This judgment amounted to approximately $780.

Subsequent to the rendition of the judgment, Patterson, as administrator of Moore's succession, instituted proceedings in the Succession of Sallie Fowler for the removal of Coulon as testamentary executor of her estate and he was not only successful in having Coulon dismissed from office but, in addition thereto, he had himself appointed as dative testamentary executor of the succession.

After Patterson had been appointed as dative testamentary executor of the Succession of Sallie Fowler, the plaintiff instituted the present suit against him in that capacity and also in his quality as administrator of this succession to set aside and annul the judgment obtained in these proceedings in favor of the Succession of Moore and against the Succession of Sallie Fowler. She alleges in her petition that she is the maternal granddaughter of the late Sallie Fowler, widow of Allen Moore, and that she is also a legatee of Sallie Fowler under the latter's last will and testament. She further avers that, when Patterson caused the Succession of Allen Moore to be opened, he concealed from the court the fact that Moore had left a last will and testament wherein his widow, Sallie Fowler, was named as universal legatee of his estate; that later, when Patter-

son filed the suit for the possession of the real estate on Foucher Street, he made it appear that Sallie Fowler was a total stranger to Allen Moore and concealed from the court the fact that she was Moore's widow; that, at the time Patterson, through his counsel, caused the attorneys for Coulon, the executor of the Succession of Sallie Fowler, to accept service of his petition, he led them to believe that he would not take a default judgment in the case; that these attorneys agreed to accept service of Patterson's petition under the belief that no default would be taken and that, notwithstanding this and in violation of said agreement, the said Patterson, through his attorney, caused a default judgment to be entered and had it confirmed.

Patterson, in answer to this suit, resists the demand principally on the ground that plaintiff is without a right or cause of action and he also maintains that the judgment under attack is perfectly valid and that his counsel did not, at the time service of his petition was accepted or thereafter, agree that a default judgment would not be taken in case an answer was not filed after the legal delay for doing so had expired.

After hearing the case on its merits, the district judge expressed the opinion that the chief issue to be determined concerned the breach of a verbal agreement on the part of counsel for Patterson wherein he had promised counsel for Coulon that a default judgment would not be taken and, in dismissing plaintiff's suit, he held that, since the agreement between counsel was not in writing, it could not be considered by him in view of Rule 16 of the Civil District Court which provides that "No agreement between the attorneys or parties, in respect to the proceedings in a cause will be noticed by the Court unless it be in writing, signed and filed with the papers as part of the record."

In the court below, Patterson filed an exception of no right or cause of action to plaintiff's petition which was referred to the merits of the matter by the trial judge. This exception has been renewed and stressed by his counsel in brief and in oral argument here. We think that the exception is well taken. For this reason, it is not necessary for us to decide whether the judgment under attack was obtained by misrepresentation and concealment on the part of Patterson and we will assume, for purposes of discussion, that such was the case.

■ In her pleadings, the plaintiff claims that she is the maternal granddaughter of Sallie Fowler and also a legatee under the latter's last will and testament. It is her theory that, since she is an heir at law and a legatee of Sallie Fowler, she has been adversely affected by the rendition of the judgment against Sallie Fowler's estate because Sallie Fowler was the universal legatee under the will of Allen Moore and, as such, became the owner of the real estate on Foucher Street at the time of Moore's death.

Insofar as plaintiff's claim in her capacity as a legal heir of Sallie Fowler is concerned, there is no adequate proof submitted by her to support it. She has never appeared in the succession proceedings of Sallie Fowler and had herself recognized as an heir at law. Moreover, it would seem that her demand as heir' is somewhat inconsistent with her claim as legatee under Sallie Fowler's will. She does not attack the validity of that will. On the contrary, she specifically relies upon it in this case in support of her cause of action. Under these circumstances, we have no hesitancy in holding that, whatever may be the plaintiff's right, it is founded upon the existence of Sallie Fowler's will under which she had been made a legatee.

An examination of the will of Sallie Fowler discloses that the real estate on Foucher Street was bequeathed by the testator to David W. Coulon and that plaintiff is merely a particular legatee for the sum of $500 and certain household effects. In view of this, it is obvious that David W. Coulon is the only person affected by the portion of the judgment under attack which declares that the real estate on Foucher Street belongs to the Succession of Allen Moore. And Coulon's right as Sallie Fowler's legatee could be legally cognizable only if the will of Allen Moore, in favor of Sallie Fowler, is his last will and testament and has not been revoked by the execution of the subsequent will in favor of Washington White.

Counsel for Patterson argues that, when Allen Moore made the will in favor of Washington White, he revoked his previous will in favor of Sallie Fowler and that, although he subsequently revoked the later will, his action in so doing did not have the effect of reinstating his first will wherein he constituted Sallie Fowler as his universal legatee. We are not inclined to agree with this postulation of Patterson's

counsel in view of the Supreme Court's decisions in Succession of Dambly, 191 La. 500, 186 So. 7, and Succession of Feitel, 187 La. 596, 175 So. 72, and we will assume in our treatment of this case that Moore's will in favor of Sallie Fowler became his last will when he revoked his subsequent will in favor of Washington White. But, conceding this point to be in plaintiff's favor, we are nevertheless convinced that she has failed to show that she has been injured by the judgment she now seeks to set aside.

As we demonstrated above, the plaintiff has absolutely no interest, in her capacity as a legatee of Sallie Fowler, in that portion of the judgment which decrees the real estate on Foucher Street to belong to the Succession of Moore since the will of Sallie Fowler bequeathed this property to David W. Coulon. Plaintiff, however, maintains that that part of the judgment, wherein the Succession of Sallie Fowler is adjudged to be indebted unto the Succession of Moore for the use and occupancy of the real estate by Sallie Fowler after Moore's death, has caused injury to her forasmuch as the existence of this claim against Sallie Fowler's succession makes it impossible for her to receive the legacy to which she is entitled under the will.

We would find considerable force in the contention made by plaintiff were it not for the fact that she has neither alleged nor proved that she has made demand upon the executor of Sallie Fowler's succession for the payment of her legacy and that this demand has been refused because of the existence of the judgment. ·The gift by Sallie Fowler to the plaintiff of the sum of $500 and certain household effects under the will is undoubtedly a particular legacy as it is neither a universal legacy as defined by Article 1606 of the Civil Code nor is it a legacy under a universal title as defined by Article 1612. Under Article 1625 of the Code, every legacy, which is not a universal legacy or one under a universal title, is a legacy under a particular title. The rights and remedies of a legatee under a particular title are set forth in Civil Code, Articles 1625 et seq. Article 1630 provides: "The delivery of legacies under a particular title must be demanded of the testamentary executor, who has the scizin of the succession. If the testamentary executor has not the seizin, or if his functions have expired, the legatees must apply to the heirs."

Hence it will be seen that, before plaintiff can have cause to complain about the judgment in favor of Moore's succession, she must first exhaust the remedy given to her under the above quoted articles. This she has failed to do and, until she does so, she is without a cause of action for it may be that, if such a demand is made, her legacy will be paid by the executor of Sallie Fowler's succession.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

JANVIER, J., absent, takes no part.