Allen Moore and Sallie Fowler Moore lived together until the death of Allen Moore in February, 1934. There was considerable litigation growing out of the Succession of Allen Moore. See Succession of Moore, La. App., 193 So. 222, and Succession of Moore, La. App., 196 So. 79. Ultimately it was held that Sallie Fowler Moore was the universal legatee of Allen Moore. Later, Sallie Fowler Moore died and in her succession proceedings Mamie Holster (or Hollister) was ultimately recognized as owner of all of her property.
William Patterson qualified as administrator of the estate of Allen Moore and he died after several years' administration. He filed no account. His widow, Hattie Thornton Patterson, qualified as administratrix to succeed her husband, the former administrator, but she also failed to file an account and, in February, 1945, Mamie Holster and other persons, claiming to have an interest in the estate of Allen Moore, sought, by rule nisi, to compel the administratrix to file an account of the administration. The administratrix resisted, contending that the persons who sought to compel the filing of an account were without interest in the estate of Allen Moore, especially asserting as to Mamie Holster that she had not been judicially recognized in the Succession of Allen Moore as having any interest in his estate. The District Court ordered that an account be filed and the administratrix moved for a suspensive appeal which was denied by the District Judge on the ground that the judgment ordering the filing of an account was merely interlocutory and could not work irreparable injury.
The administratrix thereupon applied to this court for writs of prohibition, certiorari and mandamus, seeking thereby to compel the granting of a suspensive appeal from the order requiring the filing of an account. The administratrix, in applying for such writs, maintained that the order requiring the filing of an account was, in effect, a judgment recognizing Mamie Holster as an heir in the Succession of Allen Moore, and that that judgment would constitute "res adjudicata" if not reversed on appeal. We refused to issue the writs applied for for the reason that even if Mamie Holster had no interest in the Succession of Allen Moore, the District Judge himself could, on his own motion, have ordered the filing of an account, and that therefore his order that an account be filed was not necessarily a settlement of any disputed question of interest or lack of interest of Mamie Holster in the Succession of Allen Moore.
When we refused to issue the writs applied for, the administratrix applied to the *Page 467 
Supreme Court for a writ of certiorari seeking thereby a review of the matter in the Supreme Court.
The Supreme Court refused to issue a writ of certiorari saying: "Writs refused. We find no error of law in the rulings complained of."
When the Supreme Court refused to grant a writ of certiorari, the administratrix filed the account. It is this account which is now opposed by Mamie Holster. The opposition was maintained in many particulars and the account ordered recast in those particulars. From this judgment ordering the recasting of the account, the administratrix has appealed.
In the Succession of Sallie Fowler Moore by judgment rendered on January 29th, 1945, Mamie Holster was recognized as the sole heir of Sallie Fowler Moore and was ordered sent into possession "of all the property of every kind whatsoever left by Sallie Fowler Moore." The administratrix in the Succession of Allen Moore cannot question the finality of this judgment nor can she question the finality of the judgment which recognized Sallie Fowler Moore as the universal legatee of Allen Moore, but she contends that since Mamie Holster, the sole heir of Sallie Fowler Moore, has not appeared in the Succession of Moore for the purpose of having herself recognized as the heir of Sallie Fowler Moore, the universal legatee of Allen Moore, she has no right to oppose this account. It is this question, i.e. whether Mamie Holster can be heard to oppose the account which must be first decided. It is true that Mamie Holster, until she filed the opposition in the Succession of Allen Moore, had not appeared in that proceeding and had not had herself recognized as interested in that succession in any capacity. She maintains, however, that since she has been recognized as the sole heir of Sallie Fowler Moore, and since Sallie Fowler Moore has been recognized as the universal legatee of Allen Moore, she, Mamie Holster, is in the same position in which she would have been had she herself been the universal legatee of Allen Moore. She relies upon Succession of Davis, 184 La. 969, 168 So. 118 as authority for this view. In that case it was held that a universal legatee is an heir. (C.C. Art. 884) and counsel argues from this that an heir of a universal legatee is herself an heir and may take any action which the original universal legatee might have taken.
Counsel for the administratrix cites Stein v. Bowman,9 La. 281, in which it was held that an heir until recognized and admitted as such, has no right of action to compel the administrator of an estate to render an account, and follows this with the logical conclusion that if an heir has not been recognized and consequently cannot compel the filing of an account, such an heir who has not been recognized cannot be heard to oppose an account which may have been filed.
But the statement that the opponent has not been recognized as an heir and therefore cannot oppose the account overlooks the fact that coupled with the attempt to oppose the account is what amounts to an application of the opponent to be recognized as an heir of Allen Moore.
This is the first object of the opposition of Mamie Holster. She alleges that she is an heir and that as such she opposes the account. And in support of her contention that she has succeeded to the rights of the universal legatee or heir of Allen Moore, she offers the judgment in the Succession of Sallie Fowler Moore, which shows that she has succeeded to all of the rights of that decedent who herself was recognized as universal legatee of Allen Moore.
[1-3] Had it been possible for the administratrix to successfully attack that judgment or dispute the allegation of heirship made by Mamie Holster, then the right of Mamie Holster to oppose the account would have been denied but no such collateral attack on that judgment could have been successfully attempted. That judgment is final and therefore it is obvious that Mamie Holster's allegation that she is an heir has been successfully made. Counsel for the administratrix assert that she has not alleged herself to be an heir of Allen Moore and they point to the language of her opposition which, it is true, *Page 468 
reads as follows: "Now comes Mamie Holster Moore and opposes the first account filed herein — for the reason that your opponent is an heir and party in interest."
Counsel says that this is not an allegation that the opponent is an heir of Allen Moore, merely she is an heir of someone. But the allegation is made in the Succession of Allen Moore and in support of it is offered the proof to which we have referred; that is to say the two judgments showing that it is in the Succession of Allen Moore that Mamie Holster alleges herself to have an interest.
To revert again to the question of whether it is necessary in such a situation that a person who desires to oppose an account must first go into the succession and be recognized, and then later oppose the account, we see no reason why both of these steps cannot be taken at the same time.
Counsel for opponent cites Succession of Bougere, 29 La. Ann. 378. There the testamentary executor filed an account. Emilie Richard, alleging herself to be the assignee of Elie Bougere, one of the legatees, opposed the account. The opposition was dismissed and the opponent appealed. The executor moved to dismiss the appeal on the ground that the assignee of an heir had no interest "in the affairs of the succession." The Supreme Court did not dismiss the appeal but ordered that the "cause be remanded to the lower court for trial on the issues raised by the opponent." It is obvious that this was a recognition of the right of the assignee to appear and take the position of the heir in opposing the account. In the case at bar the opponent is not the assignee of the heir but is the heir of the heir.
Of course, as we have already said, the opposition cannot be successful unless the opponent first shows an interest in the estate. This, we think, the opponent has done here.
Since the opponent has an interest and was within her rights in opposing the account, it becomes necessary that we look into the items of the account which are disputed.
[4] On several of the items the opposition has been withdrawn. It is very obvious from a reading of the reasons for judgment given by the District Judge that he was quite familiar with all of the details of the proceedings in the Succession of Allen Moore and it is obvious too that the accounts of the administrator and later of the administratrix were handled in a very careless manner. As the District Judge found, the administratrix testified that neither she nor the administrator had ever kept any records or handled any of the money but that all of the accounts had been handled by the attorney for the estate. In view of this fact, there can be no doubt that the burden rested heavily upon the administratrix to prove the correctness of every item which was opposed.
One of the principal items which is opposed grows out of the collection of rent from the premises, No. 1921 Foucher Street which forms a part of the estate. The account showed collection of only $921.50 on this item. But the record, as the District Judge found, shows that in all probability $1,080.00 had been collected as rent and he charged the administratrix with this additional amount.
[5-7] The District Court further found that the commission of the administratrix was excessive and reduced it to 5%, citing Succession of Robertson, 49 La. Ann. 80, 21 So. 197. We think he was correct in reducing this item. He also reduced the fee of the Notary to $25.00, pointing to the fact that "the inventory value, or appraisement amounted to only $1,000.00 and the assets consisted of only one item." When he came to consider the question of attorney's fees the court found that the charge of $1395.00 was excessive. He pointed to the fact that the appraised value of the estate was small and that the receipts were small, amounting, as he said, to only about $1900.00.
[8] It is true that the estate was under administration for about eight years and that services of many kinds were rendered by the attorney, but the court found, what is obviously a fact, "that this succession could have been wound up much sooner and many of these charges avoided if the administratrix herein had done her full duty." *Page 469 
We agree with this statement. The District Court also found that the amount to be reserved for future costs should be reduced from $250.00 to $50.00. Obviously a reservation of $250.00 for possible future costs in an estate so small as this, is not justified. The reduction of that amount to $50.00 was correct.
We think that the District Judge was correct in ordering the reduction which he did order on each of the items finally in dispute.
The judgment appealed from is affirmed at the cost of appellants.
Affirmed.