HAMITER, Justice.
 

 The instant appeal, regarding which a motion to dismiss was heretofore denied (209 La. 135, 24 So.2d 289), is from a judgr ment rendered April 4, 1945, rejecting an application of John R. Land, Jr., to be appointed administrator of the succession of his late father and rescinding an order previously issued for the taking of an inventory.
 

 Justice John R. Land, Sr., whose legal domicile was in Shreveport, died intestate in the City of New Orleans on April 18, 1941. Several months later, specifically on August 13, 1941, his widow, Mrs. Willie Armistead Land, and his two children, John R. Land, Jr., and Mrs. Mary Elizabeth Land Triplett, were, through an -ex parte proceeding in the First District Court of Caddo Parish, recognized as the widow in community and sole heirs, respectively, of decedent, and as such they were sent and put into possession of all of the property left by him, particularly that described in the judgment. This judgment was rendered in accordance with the prayer of a joint petition in which they had alleged:
 

 “That the decedent died intestate; that his estate is entirely free from debt, with the excéption of the expenses of the last illness, and a few small current bills — all of which can be paid out of the cash on deposit to the credit of decedent in the Whitney National Bank of New Orleans, Louisiana ; that hence there is no necessity for any administration of decedent’s estate, and that petitioners desire to accept his succession purely, simply and unconditionally.”
 

 The petition contained no suggestion or request relative to the taking of an inventory; but annexed to, and made a part of, it was a lengthy, detailed, descriptive list of the succession property, beside each item of which was shown a value.
 

 The mentioned judgment was supplemented on September 13, 1941, pursuant to a formal request of the widow and two children, so as to specifically describe the contents of a safety deposit box of decedent, about which no knowledge was had when the original petition was filed.
 

 There were no further proceedings in the succession until March 5, 1945, when
 
 *52
 
 John R. Land, Jr., presented a petition to the court praying to be appointed administrator and asking for the taking of an inventory of decedent’s estate. As the basis therefor he alleged: ‘That through inadvertence, oversight, mistake or concealment certain assets of the estate of the decedent have been excluded from the list of properties or inventories filed in these proceedings- * * No mention is made therein of the existence of debts of the succession.
 

 On the presentation of that petition an order was signed reading:
 

 “Let the application of petitioner, John R. Land, Jr., for letters of administration of the succession of decedent, John R. Land, be published according to law; and let the inventory herein prayed for be taken by C. L. Stiffell, a Notary Public, in and for the Parish of Orleans, State of Louisiana, in the manner and form prescribed by law.”
 

 On March 15, 1945, Mrs. Triplett formally opposed the application of her brother for appointment as administrator, and, in connection with her opposition, she obtained the issuance of a rule directed to him to show cause why the order regarding the taking of an inventory should not be recalled and rescinded.
 

 At a regular hearing of the opposition, after overruling exceptions of no right and no cause of action filed by defendant in rule, the court rendered judgment making' the rule absolute, rescinding the order for the taking of the inventory, and denying the application of John R. Land, Jr. The-latter appealed.
 

 We find no error in the judgment. It does not appear from the record that there were debts of the succession, or any unusual circumstances, justifying the conducting of an administration. To the contrary, on the opening of the succession, the widow and heirs of the decedent, including this appellant, alleged in their joint petition that decedent’s estate was entirely free from debt, with the exception of the expenses of the last illness and a few small current bills, and no administration was necessary. And no subsequently filed pleading has contradicted that allegation. Furthermore, by a formal judgment the-heirs have been sent and put in possession, of all of decedent’s property.
 

 If there be a dispute npw between those heirs regarding decedent’s property, the law affords an appropriate remedy for its-settlement. But the remedy is not by way of an administration. The conducting of an administration of this succession, as well as the taking of an inventory therein,, would serve no useful purpose; it would occasion only delay and useless expense.
 

 This case comes squarely within, the general rule that where there are no-debts of a succession, and nothing will be gained by the holding of an administration,, the appointment of an administrator will not be ordered if opposed by those in in
 
 *53
 
 terest. Succession of Crocker, 14 La.Ann. 94; Alleman v. Bergeron, 16 La.Ann. 191; Succession of Graves, 50 La.Ann. 435, 23 So. 738; Succession of Weincke, 118 La. 206, 42 So. 776; Guillory v. Latour, 138 La. 142, 70 So. 66; Crump v. Metropolitan Life Insurance Co., 183 La. 55, 162 So. 800; Succession of Davis, 184 La. 969, 168 So. 118. Appellant’s allegation (on which his application is predicated) that “through inadvertence, oversight, mistake or concealment certain assets of the estate of the decedent have been excluded from the list of properties or inventories filed in these proceedings” cannot render the general rule inapplicable here. If for no other reason it is too general and indefinite to be of any importance.
 

 For the reasons assigned the judgment is affirmed.