YARRUT, Judge.
This appeal is from a judgment of the district court for refusing to displace the Public Administrator, previously appointed, by the alleged sole heir of the decedent’s intestate succession.
Appellants are Emerson L. Morel, an alleged creditor, and Mrs. Madeleine Horgas-san Schwartz, the only surviving child of a predeceased sister of deceased, a resident and citizen of France, who nominated Morel to appear for her, both represented by competent counsel.
The original petition opening this succession was filed on March 11, 1964, by Mr. Morel, alleging the death of the decedent in New Orleans, her domicile, on March 9, 1964, intestate, leaving property in the state; that the decedent -was married twice, first to Pierre Artigue who died in New Orleans, Louisiana, November 9, 1931; secondly to Philip Henry Meier, who died in New Orleans on November 29, 1946; that there were no children of either marriage, that decedent adopted no one, nor had she been adopted; that decedent’s *715 mother, Madeline Claverie, wife of Jean Marie Lacay, and her father, Jean Marie Lacay, both predeceased decedent; that, according to petitioner’s information, decedent is only survived by a niece who lives in the Republic of France (Mrs. Madeleine Horgassan Schwartz) who knows of these proceedings, and who authorized petitioner to retain undersigned counsel to open decedent’s succession, and represent her in the settlement of this estate, with the request the court do not appoint an attorney to represent her, even though she be an absentee; that no other petition for notice of application for appointment as succession representative has been filed under LSA-C.C.P. Art. 3091 as evidenced by the certificate of the Clerk of Court annexed to the petition; that an inventory be taken, and that petitioner be appointed administrator of this succession. The notary later filed the inventory showing an estate of $14,006.14.
Two days later, on March 13, 1964, the Public Administrator filed two petitions in the same record, one alleging the succession to be vacant, and the other that notice be given to him of anyone claiming to be Administrator, as provided in LSA-R.S. 9:1581-9:1583.
On March 25, 1964, the district judge appointed the Public Administrator without any previous notice to counsel of record or Mr. Morel, the initial applicant for Letters of Administration.
On March 21, 1964, Mr. Morel filed a petition to nullify the appointment of the Public Administrator, contending the latter had no interest in the succession under LSA-R.S. 9:1583; that he had the prior right under LSA-C.C.P. 3098(3) ; that the succession was not vacant .because an heir was represented; that the application of the Public Administrator, in effect, was nothing more than an opposition to his prior application, and that the requirements of LSA-C.C.P. Arts. 2971, 2972, 3091 and 3092, had not been complied with; that under LSA-C.C.P. Art. 3093, the Court should have set a hearing before making any appointment, and Morel should have been appointed under LSA-C.C.P. Arts. 3093-3098 since more than one person had applied to be Administrator,
On June 2, 1964, an affidavit of death and heirship was filed on behalf of the foreign heir.
On June 25, 1964, an exception of no cause of action was maintained against the petition to remove the Public Administrator, which was then followed on July 23, 1964 by a rule filed by Mr. Morel to remove the Public Administrator under the provisions of LSA-C.C.P. Art. 3182, (providing summary process) in which were alleged the same causes for nullity. This rule was dismissed on July 28, 1964. Sus-pensive appeals were then granted to Mr. Morel and the heir from the judgments dismissing both the rule and petition for removal of the Public Administrator.
On the rule to rescind the Public Administrator’s appointment, ex parte affidavits and a letter of the niece, written in French (duly translated) were offered in evidence to prove the allegations of heir-ship, etc., as alleged in the original petition filed on behalf of the niece, none of which were considered by the district court, as explained below.
In his reasons for dismissing Mr. Morel’s claim to be substituted Administrator, the court said, inter alia, following the hearing:
“Insofar as the exceptions filed on the rule, * * * he has, no cause of action for dismissal or removal of the administrator, * * * the Article says, for the removal of an administrator, * * * it must be for some act of omission or commission that the administrator does in the handling of a succession; and this Court has had occasion to remove them before when they don’t perform properly, but such is not the case here. I will dismiss the rule. In other words, the Court is of *716 the opinion that you don’t come within 3182.”
We cannot agree with the district judge that the issue is whether the Public Administrator has done any act interdicted by LSA-C.C.P. Art. 3182 for which he should be removed; but whether he was prematurely and improvidently appointed initially when the nominee of the only alleged heir had already opened the succession seeking the appointment. The initial petition of the heir and her nominee was notice to the Public Administrator, and they were entitled to notice to appear and contest the Public Administrator’s appointment, before it was made. It was not whether the Public Administrator did any wrong after appointment, but whether or not he was properly appointed in the first instance.
The appointment of Public Administrators for intestate successions is governed by LSA-R.S. 9:1583, as amended by Act 497 of 1960, reading, inter alia:
“They shall be appointed administrators of all intestate succession in their respective parishes when there is no surviving husband or wife or heir present or represented in the state.
“The filing of the application of the public administrator for such appointment shall be advertised three times within ten days in a daily newspaper of general circulation in the parish, with notice to any person who may wish to oppose such application to file his opposition thereto within ten days of the date of the first advertisement. If no such opposition is filed timely, or if an opposition thereto is filed but after the trial thereof the court concludes that the opponent has no prior right to the appointment, the court shall appoint the public administrator as administrator of the intestate succession.” LSA-R.S. 9:1583.
Our Supreme Court over the years has reviewed the necessity of appointment of Public Administrators as follows:
In State ex rel. Leonard v. Parish Judge of the Parish of Plaquemines, 25 La.Ann. 329, the Public Administrator prayed for Letters of Administration which were refused by the District Judge, and the Public Administrator then applied to the Supreme Court for mandamus. In answer to the mandamus, the District Judge said that, since the application of the Public Administrator, a brother of the deceased had applied for Letters of Administration. The Supreme Court held that the application of the Public Administrator should have been filed and a hearing had thereon. This is the same provision as is now embodied in our law under LSA-C.C.P. Art. 3098 which contemplates a hearing where two or more parties apply for Letters of Administration.
In Succession of Gee, 26 La.Ann. 666, the court held that heirs were present and represented and the Public Administrator had no right to take the estate under administration, and his appointment was therefore irregular and illegal.
In Successions of Daigle and Roddy, 27 La.Ann. 524, there were two applicants for Letters of Administration. One heir said that if she did not qualify, the Public Administrator should be appointed. The court held this was not a case in which the Public Administrator could be so appointed, since there were heirs present and represented.
In Succession of Burnside, 34 La.Ann. 728, the court held the Public Administrator had no right to urge the removal of an executor for the neglect of his duty; that he had no authority to supervise the administration or settlement of successions or the legality of the appointment of the Administrators; that his power to act arises only in the cases provided by the law which created his office; that his office was intended to fill a vacancy, but had no power to provoke a vacancy. The court commented it knew of no authority for the *717 Public Administrator to judicially seek the removal of an executor or administrator. We can find no statutory authority now giving such right to the Public Administrator.
In Succession of White, 45 La.Ann. 632, 12 So. 758, the court held that when there is an heir present or represented in the state who opposes the application of the Public Administrator for the administration, and applies for it himself, the law accords the preference to such heir or his representative; and that it does not affect the case if the absent heir is not represented on the date of the application by the Public Administrator because his rights are secured if he is duly represented on the date of his timely opposition.
Succession of Smith, 40 La.Ann. 105, 3 So. 539, holds that a Public Administrator cannot be appointed where the heirs of the decedent are present or represented. In the case at bar the alleged sole heir of decedent, represented by counsel, filed the .affidavit of death and heirship and evidence that Morel was the sole nominee. Therefore, under LSA-C.C.P. Art. 3098(2) the court could appoint no other than Morel.
Since the initial proceeding was instituted on behalf of the alleged sole heir, ■the petition of the Public Administrator at 'best was an intervention, notice of which "had to be served on the original petitioner for appointment under LSA-C.C.P. Arts. 1093, 1313, 1314.
Clearly, the Public Administrator was appointed prematurely and improvidently in view of the previous and impending application of the alleged heir and her nominee, who were entitled to a hearing. See State ex rel.’ Leonard v. Parish Judge of ■the Parish of Plaquemines, supra.
While the district judge did hear evidence of heirship on the rule to remove, he completely ignored it on the mistaken ■conclusion that the Public Administrator, •once appointed, could not be removed unless he committed an illegal act under LSA-C.C.P. Art. 3182, warranting his removal.
However, in view of the contention that the evidence was in the form of ex parte affidavits executed in France, without any opportunity of the Public Administrator to cross-examine the affiants, we believe the ends of justice require that we set aside the judgment dismissing the rule of the appellants, and give them reasonable time, if they think it necessary, to supplement their proof of heirship; in the interim, the status quo of the Public Administrator’s appointment to remain in effect until the judgment on remand; the matter of court costs and fees is left for future determination.
Annulled and case remanded with instructions.